UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEVIN JOHNSON,

                Plaintiff,

v.

The CITY OF ROCHESTER and
ROCHESTER POLICE OFFICER
JONATHAN LAUREANO,

                Defendants.

**VERIFIED ANSWER**

**Index No. E2021-009225**

---

The Defendants, the City of Rochester and Rochester Police Officer Jonathan Laureano, by and through their undersigned counsel and as and for their Answer to Plaintiff's Complaint, allege and state as follows:

1. They deny knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraphs 1, 12, 14 and 30 of the Complaint.

2. They admit the allegations contained in paragraphs 2, 3, 4, 6, 8, 16 and 20 of the Complaint.

3. They deny the allegations contained in paragraphs 9, 11, 17, 18, 19, 21, 22, 23, 24, 25, 27, 28, 29, 31, 32, 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 51, 52, 53, 54, 55, 56, 58, 59, 60, 61, 62, 63, 65, 66, 67, 68, 69, 70, 72, 73, 74, 75, 76 and 77 of the Complaint.

4. They admit the allegations in paragraph 5 of the Complaint that the Defendant City was responsible for the acts of Defendant Laureano while acting within the scope of his employment, but otherwise deny those allegations.

5. They admit the allegations contained in paragraph 7 of the Complaint, but deny that the Defendant, City's denial of the Plaintiff's Claim was neglectful, or otherwise improper.

6. They deny the allegation in paragraph 10 of the Complaint that any causes of action ever accrued against them, but otherwise deny knowledge or information sufficient to form a belief as to the accuracy of the other allegations in that paragraph.

7. They deny the allegations contained in paragraph 13 of the Complaint that the Plaintiff was illegally stopped and subsequently illegally searched and seized, detained and incarcerated, but otherwise deny knowledge or information sufficient to form a belief as to the accuracy of the other allegations contained in that paragraph.

8. They admit the allegations contained in paragraph 26 of the Complaint, but deny that the Plaintiff's stop, seizure, search, arrest, detention, and imprisonment were illegal or improper.

9. With respect to paragraphs 15, 35, 50, 57, 64 and 71 of the Complaint, wherein the Plaintiff repeats and realleges the allegations contained in each and every preceding paragraph, the Defendants likewise here repeat and reallege each and every response to those paragraphs, as is more fully set forth here.

10. They deny each and every allegation contained in the Complaint not heretofore admitted, denied or otherwise controverted.

## AS AND FOR THEIR FIRST AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

11. Paragraph 4 of the Complaint alleges that Defendant, Officer Laureano was at all relevant times acting within the scope of his employment as a police officer for the Defendant City, which the City herein admits; so, the Fifth and Sixth Causes of Action, which allege negligent screening, hiring, training, retention and supervision, cannot be maintained against the City, as a matter of law, and those Causes of Action thus fail to state claims for which relief may be granted

## AS AND FOR THEIR SECOND AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

12. The Fourth Cause of Action, apparently alleging the business tort of injurious falsehood, is inapplicable to this action and fails to state a claim for which relief may be granted as against either of the Defendants.

## AS AND FOR THEIR THIRD AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

13. Several of the pled Causes of Action include allegations that the Defendant Officer, Laureano, engaged in conspiracies, but because only he is identified, only he is sued individually as a named Defendant, and because all of the other Officers involved in the interaction with the Plaintiff at the time in question were members of the Rochester Police Department, any conspiracy claim or cause of action is barred by the intracorporate conspiracy doctrine and thus fails to state a cause of action for which relief may be granted.

### AS AND FOR THEIR FOURTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

14. The Third Cause of Action, which purports to allege common law claims of assault and battery, fail to state claims for which relief may be granted as against the Defendants.

### AS AND FOR THEIR FIFTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

15. The stop of Plaintiff's vehicle was supported by reasonable suspicion or probable cause.

### AS AND FOR THEIR SIXTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

16. Plaintiff's arrest and prosecution were supported by probable cause.

### AS AND FOR THEIR SEVENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

17. At the time of the individual Defendant's contact with the Plaintiff, he had an objective, creditable reason to question the Plaintiff.

### AS AND FOR THEIR EIGHTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

18. All conduct by the City of Rochester and the individual Defendant was privileged conduct in the performance of the Defendants' police function, was supported by probable cause, was reasonably necessary for the performance of their police duties, and was in accordance with the requirements of law.

### AS AND FOR THEIR NINTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

19. Upon information and belief, at the time and place alleged in the Complaint, the Plaintiff was committing, or attempting to commit, a serious illegal act, or acts.

### AS AND FOR THEIR TENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

20. Any arrest or detention of the Plaintiff was justified under the circumstances then existing and any force used in effecting said arrest or detention was justified under the circumstances that existed.

### AS AND FOR THEIR ELEVENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

21. The prosecution of criminal matters is in all respects controlled by the Monroe County District Attorney's office and the Defendants have no discretion as to any prosecution or withdrawal of charges.

### AS AND FOR THEIR TWELFTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

22. Under CPL §160.50, the Court was required to enter an Order to be served upon certain agencies, including the Police Department, the Plaintiff does not allege that such orders were made or served upon the Rochester Police Department and, upon information and belief, no such orders were made or served.

### AS AND FOR THEIR THIRTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

23. At the time and place identified in the Complaint, the Plaintiff had committed, or was committing a serious illegal act, or acts, any arrest or detention of him was justified under the circumstances existing, any force used in effecting said arrest or detention was justified under the circumstances then existing, and all acts alleged to have been performed by the individual Defendant was performed without any malice contributing thereto.

### AS AND FOR THEIR FOURTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

24. The individual Defendant is entitled to qualified immunity from suit because no clearly established constitutional right was violated and his actions were objectively reasonable under the circumstances.

### AS AND FOR THEIR FIFTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

25. The Defendant Officer is entitled to immunity from continuation of this suit on the grounds that he acted in the good-faith belief that his actions constituted a reasonable exercise of his duty and did not breach or infringe upon the Plaintiff's constitutional rights known by a reasonable person to exist at the time of the subject incident.

AS AND FOR THEIR SIXTEENTH AFFIRMATIVE DEFENSE,
THE DEFENDANTS ALLEGE AS FOLLOWS:

26. The Defendant Officer engaged in the use of reasoned discretion and professional judgment and is therefore immune from suit.

AS AND FOR THEIR SEVENTEENTH AFFIRMATIVE DEFENSE,
THE DEFENDANTS ALLEGE AS FOLLOWS:

27. The force used did not rise to the level of a constitutional violation.

AS AND FOR THEIR EIGHTEENTH AFFIRMATIVE DEFENSE,
THE DEFENDANTS ALLEGE AS FOLLOWS:

28. The actions complained of in the Complaint arose during the arrest of the Plaintiff by the Defendant Officer acting in an official capacity and individuals acting in that capacity cannot, as a matter of public policy, be held individually liable for prima facie tort even if charged with malicious intent.

AS AND FOR THEIR NINTEENTH AFFIRMATIVE DEFENSE,
THE DEFENDANTS ALLEGE AS FOLLOWS:

29. The injuries and damages alleged in the Complaint were caused in whole by the acts, or omissions to act, of the Plaintiff, which were negligent, reckless, wrongful, intentional, illegal, or otherwise culpable.

AS AND FOR THEIR TWENTIETH AFFIRMATIVE DEFENSE,
THE DEFENDANTS ALLEGE AS FOLLOWS:

30. The actions of the Defendant Officer were not the proximate cause of any of the Plaintiff's alleged injuries or damages.

### AS AND FOR THEIR TWENTY-FIRST AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

31. The Plaintiff has failed to mitigate his damages.

### AS AND FOR THEIR TWENTY-SECOND AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

32. In the event that the Plaintiff recovers an award, then the provisions of NY CPLR §4545 will apply, and the Defendants will claim an offset for any amounts which Plaintiff will, with reasonable certainty, receive from collateral sources as provided in said statute.

WHEREFORE, the Defendants demand judgment:

A. Dismissing Plaintiff's Complaint, together with the costs and disbursements of this action;

B. In the event judgment is recovered against the Defendants, that they have judgment over against the Plaintiff for the amount of such judgment, together with reasonable attorney's fees incurred by them in the defense of this action, or for an amount proportionate to the degree of fault of the Plaintiff; and

C. For such other and further relief which to the Court may seem just and proper.

DATED: November 8, 2021  
Rochester, New York

Patrick Beath, Deputy Corporation Counsel

BY: _____  
CHRISTOPHER S. NOONE, Esq., of Counsel  
Attorneys for Defendants  
30 Church Street, Room 400A City Hall  
Rochester, NY 14614

8

                                          Telephone:  (585) 428-6753
                                          chris.noone@cityofrochester.gov

**TO**:   Mark A. Young, Esq.
        Attorney for Plaintiff
        45 Exchange Blvd., Suite 802
        Rochester, NY 14614
        Telephone:  (585) 232-4240
        mark@markyonglaw.com

## VERIFICATION

STATE OF NEW YORK)
COUNTY OF MONROE)   SS:

CHRISTOPHER S. NOONE, being duly sworn, deposes and says:

That he is a Municipal Attorney for the Defendants, City of Rochester, the corporation named in the foregoing Verified Answer; that he has read the foregoing and knows the contents thereof; that the same is true except those matters stated to be upon information and belief, and as to those matters, he believes them to be true.

Deponent further says that the reason this verification is made by deponent, and not by said City of Rochester, is because the said City is a governmental subdivision, and he is an employee thereof; to wit, a Municipal Attorney, and that the grounds of deponent's belief as to all maters in said Verified Answer, not stated upon his own knowledge, are investigations caused to be made concerning the matters involved or purporting to be involved herein and information acquired by the deponent in the regular course of his duties as an employee of said governmental subdivision and from the books, papers and records of said governmental subdivision.

_____
Christopher S. Noone, Esq.

Sworn to before me this

8th day of November, 2021.

_____
Notary Public

MICHELLE BRADBURY
Notary Public State of New York
Qualified in Monroe County – 01BR6315209
Commission Expires November 24, 2022

10