UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEVIN JOHNSON,

                Plaintiff,

-v-

The CITY OF ROCHESTER and ROCHESTER
POLICE OFFICER JONATHAN LAUREANO,

                Defendants.

**ANSWER TO FIRST AMENDED COMPLAINT**

Civil No.: 21-CV-6683 (DGL/MWP)

---

      The Defendants, the City of Rochester and Rochester Police Officer Jonathan Laureano, by and through their undersigned counsel, submits the following as and for their Answer to Plaintiff's First Amended Complaint:

      1.     They deny knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraphs 1, 15 (1st ¶), 15 (2nd ¶), 17, 36, 51 and 84 of the First Amended Complaint.

      2.     They admit the allegations contained in paragraphs 2, 3, 4, 5, 6, 7, 9, 10, 11, 13 and 18 of the First Amended Complaint.

      3.     They deny the allegations contained in paragraphs 14, 16 (1st ¶), 21, 22, 27, 28, 29, 30, 31, 33, 34, 35, 37, 38, 39, 40, 42, 43, 44, 45, 46, 47, 48, 49, 50, 52, 53, 55, 56, 57, 58, 59, 60, 62, 63, 64, 65, 66, 67, 69, 70, 71, 72, 73, 74, 76, 77, 78, 79, 80, 81, 83, 85, 86, 88, 89, 90, 91, 92, 93, 94, 95, 97, 98, 99, 100, 103, 104 and 105 of the First Amended Complaint.

      4.     They admit that portion of paragraph 8 of the First Amended Complaint, which alleges that certain of the Causes of Action contained therein are allegedly brought pursuant to 42 U.S.C. §§1983 and 1988, but they deny that there is any basis for those claims.

5.  They admit the allegations contained paragraph 12 of the First Amended Complaint, but they deny that their refusal to honor the Plaintiff's claim was in any respect wrongful or neglectful.

6.  They deny the allegations in 2nd paragraph 16 of the First Amended Complaint, but deny knowledge or information sufficient to form a belief as to the accuracy of the allegations concerning what occurred subsequent to the Plaintiff's arrest.

7.  They admit the allegations contained in paragraph 20 of the First Amended Complaint, except that they deny that the Plaintiff was arrested at gunpoint upon exiting his vehicle.

8.  They admit the allegations in paragraphs 23, 26 and 32 of the First Amended Complaint insofar as they concern Defendant Laureano, but deny those allegations as directed at the City.

9.  With respect to paragraphs 19, 41, 54, 61, 68, 75, 82, 87, 96, and 102 of the First Amended Complaint, wherein the Plaintiff incorporates by reference all preceding paragraphs, the Defendants likewise here repeat and reallege each and every response to those paragraphs as if more fully set forth here.

10. They deny each and every allegation contained in the Complaint not heretofore admitted, denied or otherwise controverted.

11. They join in the Plaintiff's request to empanel a jury to try this matter.

### AS AND FOR THEIR FIRST AFFIRMATIVE DEFENSE,
### THE DEFENDANTS ALLEGE AS FOLLOWS:

12. Paragraph 4 of the Complaint alleges that Defendant, Officer Laureano was at all relevant times acting within the scope of his employment as a police officer for the Defendant City, which the City herein admits; so, the Fifth and Sixth Causes of Action, which allege negligent screening, hiring, training, retention and supervision, cannot be maintained against the City, as a matter of law, and those Causes of Action thus fail to state claims for which relief may be granted

### AS AND FOR THEIR SECOND AFFIRMATIVE DEFENSE,
### THE DEFENDANTS ALLEGE AS FOLLOWS:

13. The Fourth Cause of Action, apparently alleging the business tort of injurious falsehood, is inapplicable to this action and fails to state a claim for which relief may be granted as against either of the Defendants.

### AS AND FOR THEIR THIRD AFFIRMATIVE DEFENSE,
### THE DEFENDANTS ALLEGE AS FOLLOWS:

14. Several of the pled Causes of Action include allegations that the Defendant Officer, Laureano, engaged in conspiracies, but because only he is identified, only he is sued individually as a named Defendant, and because all of the other Officers involved in the interaction with the Plaintiff at the time in question were members of the Rochester Police Department, any conspiracy claim or cause of action is barred by the intracorporate conspiracy doctrine and thus fails to state a cause of action for which relief may be granted.

## AS AND FOR THEIR FOURTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

15. The Third Cause of Action, which purports to allege common law claims of assault and battery, fail to state claims for which relief may be granted as against the Defendants.

## AS AND FOR THEIR FIFTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

16. The stop of Plaintiff's vehicle was supported by reasonable suspicion or probable cause.

## AS AND FOR THEIR SIXTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

17. Plaintiff's arrest and prosecution were supported by probable cause.

## AS AND FOR THEIR SEVENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

18. At the time of the individual Defendant's contact with the Plaintiff, he had an objective, creditable reason to question the Plaintiff.

## AS AND FOR THEIR EIGHTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

19. All conduct by the City of Rochester and the individual Defendant was privileged conduct in the performance of the Defendants' police function, was supported by probable cause, was reasonably necessary for the performance of their police duties, and was in accordance with the requirements of law.

AS AND FOR THEIR NINTH AFFIRMATIVE DEFENSE,
THE DEFENDANTS ALLEGE AS FOLLOWS:

20. Upon information and belief, at the time and place alleged in the Complaint, the Plaintiff was committing, or attempting to commit, a serious illegal act, or acts.

AS AND FOR THEIR TENTH AFFIRMATIVE DEFENSE,
THE DEFENDANTS ALLEGE AS FOLLOWS:

21. Any arrest or detention of the Plaintiff was justified under the circumstances then existing and any force used in effecting said arrest or detention was justified under the circumstances that existed.

AS AND FOR THEIR ELEVENTH AFFIRMATIVE DEFENSE,
THE DEFENDANTS ALLEGE AS FOLLOWS:

22. The Second and Eighth Causes of Action, alleging malicious prosecution under State and Federal law, respectively, fail to plead the requisite elements and so fail to state claims for which relief may be granted.

AS AND FOR THEIR TWELFTH AFFIRMATIVE DEFENSE,
THE DEFENDANTS ALLEGE AS FOLLOWS:

23. There was at least arguable probable cause for the Plaintiff's arrest and criminal prosecution, so the Defendant Officer is entitled to qualified immunity with regard to the First, Second and Eighth Causes of Action.

AS AND FOR THEIR THIRTEENTH AFFIRMATIVE DEFENSE,
THE DEFENDANTS ALLEGE AS FOLLOWS:

24. The prosecution of criminal matters is in all respects controlled by the Monroe County District Attorney's office and the Defendants have no discretion as to any prosecution or withdrawal of charges.

### AS AND FOR THEIR FOURTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

25. Under CPL §160.50, the Court was required to enter an Order to be served upon certain agencies, including the Police Department, the Plaintiff does not allege that such orders were made or served upon the Rochester Police Department and, upon information and belief, no such orders were made or served.

### AS AND FOR THEIR FIFTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

26. At the time and place identified in the Complaint, the Plaintiff had committed, or was committing a serious illegal act, or acts, any arrest or detention of him was justified under the circumstances existing, any force used in effecting said arrest or detention was justified under the circumstances then existing, and all acts alleged to have been performed by the individual Defendant was performed without any malice contributing thereto.

### AS AND FOR THEIR SIXTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

27. The individual Defendant is entitled to qualified immunity from suit because no clearly established constitutional right was violated and his actions were objectively reasonable under the circumstances.

### AS AND FOR THEIR SEVENTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

28. The Defendant Officer is entitled to immunity from continuation of this suit on the grounds that he acted in the good-faith belief that his actions constituted a reasonable exercise of his duty and did not breach or infringe upon the Plaintiff's

constitutional rights known by a reasonable person to exist at the time of the subject incident.

### AS AND FOR THEIR EIGHTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

29. The Defendant Officer engaged in the use of reasoned discretion and professional judgment and is therefore immune from suit.

### AS AND FOR THEIR NINTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

30. The force used did not rise to the level of a constitutional violation.

### AS AND FOR THEIR TWENTIETH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

31. The actions complained of in the Complaint arose during the arrest of the Plaintiff by the Defendant Officer acting in an official capacity and individuals acting in that capacity cannot, as a matter of public policy, be held individually liable for prima facie tort even if charged with malicious intent.

### AS AND FOR THEIR TWENTY-FIRST AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

32. The injuries and damages alleged in the Complaint were caused in whole by the acts, or omissions to act, of the Plaintiff, which were negligent, reckless, wrongful, intentional, illegal, or otherwise culpable.

### AS AND FOR THEIR TWENTY-SECOND AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

33. The actions of the Defendant Officer were not the proximate cause of any of the Plaintiff's alleged injuries or damages.

### AS AND FOR THEIR TWENTY-THIRD AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

34. The Ninth Cause of Action appears duplicative of the Eighth, but in any event, it fails to state a claim for which relief may be granted, nor is it indicated who Defendant Laureano was allegedly acting in concert with.

### AS AND FOR THEIR TWENTY-FOURTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

35. Because only the Defendant Laureano is alleged to have committed the delicts alleged in the First Amended Complaint, the Tenth Cause of Action, alleging failure to intervene, which only applies to claims of false arrest and excessive force use, fails to state a claim for which relief may be granted.

### AS AND FOR THEIR TWENTY-FIFTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

36. The Plaintiff has failed to mitigate his damages.

### AS AND FOR THEIR TWENTY-SIXTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

37. In the event that the Plaintiff recovers an award, then the provisions of NY CPLR §4545 will apply, and the Defendants will claim an offset for any amounts which Plaintiff will, with reasonable certainty, receive from collateral sources as provided in said statute.

### AS AND FOR THEIR TWENTY-SEVENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

38. The "Wherefore Clause" improperly includes a demand for monetary demands and improperly seeks punitive damages against the City, and the Defendants object to any award of pre-judgment interest.

WHEREFORE, the Defendants demand judgment:

A. Dismissing Plaintiff's Complaint, together with the costs and disbursements of this action;

B. In the event judgment is recovered against the Defendants, that they have judgment over against the Plaintiff for the amount of such judgment, together with reasonable attorney's fees incurred by them in the defense of this action, or for an amount proportionate to the degree of fault of the Plaintiff; and

C. For such other and further relief which to the Court may seem just and proper.

DATED: July 29, 2022
Rochester, New York

LINDA S. KINGSLEY, Corporation Counsel

BY: *[signature]*
CHRISTOPHER S. NOONE, Esq., of Counsel
Attorneys for Defendants
30 Church Street, Room 400A City Hall
Rochester, NY 14614
Telephone: (585) 428-6753
chris.noone@cityofrochester.gov

TO: Mark A. Young, Esq.
Attorney for Plaintiff
45 Exchange Blvd., Suite 802
Rochester, NY 14614
Telephone: (585) 232-4240
mark@markyonglaw.com