UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEVIN JOHNSON,

        Plaintiffs,

-vs-                                      **Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment**

The CITY of ROCHSTER and ROCHESTER
POLICE OFFICER JONATHAN LAUREANO

                                                Civil Action No.: 21-cv-6683 (DGL/MWP)

        Defendants.

## PRELIMNARY STATEMENT

This Memorandum of Law is submitted in support of Plaintiff, Devin Johnson's, opposition to Defendants' motion for summary judgement of this action, pursuant to FRCP 56, and in opposition to summary judgment based on qualified immunity for the individual Defendant, Rochester Police Officer Jonathan Laureano.

## STATEMENT OF FACTS

At approximately 9:15 p.m. on August 24, 2019, the Plaintiff, Devin Johnson was driving a black Audi Q7 SUV. At approximately 9:45 p.m, the Plaintiff turned onto Miller Street. *Defendant's Exhibit B, BLC Clifford and Miller.* He was followed by Officer Laureano. BLC footage shows that Plaintiff's brake lights went on twice as he cautiously proceeded down the one-way street. Numerous vehicles can be viewed parked on the right/west side of the road. No vehicles are observed to be parked on the left/east side of Miller Street.

Footage from the camera mounted on the north side of Clifford Avenue across from Miller Street shows the Audi turning right/southbound onto Miller Street at 9:45:22. Officer Laureano's

1

patrol vehicle turned right onto Miller Street at 9:44:29. The Audi's brake lights can be seen momentarily at 9:45:29 and at 9:45:30. The Audi continues to proceed down Miller Street.

In contrast to the Defendants' statement of facts, the Plaintiff maintains that the BLC footage does not show the Audi drifting to the right curb. At approximately 9:45:40.300, Officer Laureano activated the emergency lights on his car. Only after Officer Laureano activated his emergency lights can the Audi be observed moving to the right. *Defendant's Exhibit B, BLC of Clifford and Miller.* In contrast to Officer Laureano's sworn testimony at the Mapp hearing, Mr. Johnson's vehicle did not pull to the curb prior to the time that Officer Laureano activated his emergency lights. Compare, *Defendant's Exhibit B; Plaintiff's Exhibits A and C.* Officer Laureano has acknowledged that he was looking for probable cause to affect the stop of the vehicle. *Plaintiff's Exhibit A, Mapp Hearing.*

After the Plaintiff parked his vehicle, he exited the vehicle and ran. Ultimately, Officer Laureano arrested Mr. Johnson. Mr. Johnson was ordered to the ground and told to put his hands behind his back. Mr. Johnson was moved to Officer Glodowski's patrol vehicle.

During the chase, Mr. Johnson sustained a cut to his right foot and a scratch under his left eye. Officer Glodowski's BWC footage (divided among five clips) shows interaction and discussion between Mr. Johnson and Officer Glodowski after Mr. Johnson was placed in his patrol vehicle. Mr. Johnson was arrested, and thereafter a Monroe County Grand Jury issued an Indictment charging him with criminal possession of a weapon in the second degree. Following a Mapp hearing in this case, Monroe County Judge Charles Schiano found that Officer Laureano's testimony was not credible. *Defendants' Exhibit Q, Mapp Decision.* Based upon the BLC footage of the stop, Judge Schiano found that Officer Laureano did not have probable cause to stop Mr. Johnson's vehicle. *Defendant's Exhibit Q, Mapp Decision.* The state court prosecution was then dismissed. Mr. Johnson remained in custody from the night of his arrest until the dismissal

of the Indictment and dismissal of the violation of parole charges stemming from the same incident.

Plaintiff's causes of action stem from the stop of his vehicle without probable cause.

## ARGUMENT

### POINT I: THE RULES REGARDING SUMMARY JUDGEMENT.

The Plaintiff asserts that that there are genuine issues of material fact in this matter precluding the grant of summary judgment. Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A 'material' fact is one capable of influencing the case's outcome under governing substantive law, and a 'genuine' dispute is one as to which the evidence would permit a reasonable juror to find for the party opposing the motion" (*Figueroa v Mazza*, 825 F.3d 89, 99 [2d Cir. 2016] citing *Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 248 [1986]). In evaluating the record for the existence of genuine issues of material fact, "the court is required to resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought." *Cronin v Aetna Life Ins. Co*, 46 F.3d 196, 202 [2d Cir. 1995] citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 [1986]; other citations omitted). The reviewing court must bear in mind that, on summary judgment, it "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Cronin*, 46 F.3d at 203 (quoting *Donahue v. Windsor Locks Board of Fire Commissioners*, 834 F.2d 54, 58 [2d Cir. 1987] (quotation marks omitted in Cronin); other citations omitted).

A primary issue in this case is whether Officer Jonathan Laureano had probable cause to stop Mr. Johnson's vehicle. Mr. Johnson submits that Defendants' Exhibit C, the Blue Light Camera Footage of the stop, demonstrates that Officer Laureano activated his emergency lights without probable cause in this case. Judge Schiano found that he lacked probable cause to stop Mr. Johnson's vehicle. There further exists a dispute between the testimony at the Mapp

3

Hearing, Officer Laureano's Declaration and the Affidavit of Devin Johnson.

**POINT II: THE FIFTH AND SIXTH CAUSES OF ACTION SET FORTH IN THE AMENDED COMPLAINT, ALLEGING NEGLIGENT SCREENING, HIRING, RETENTION, TRAININGN, RETRAINING AND SUPERVISION STATE UNNECESSARY CAUSES OF ACTION.**

The Defendants have admitted that at all times Officer Laureano was employed by the City of Rochester was acting for, upon, and in the course of and in furtherance of the business of his employer, Rochester Police Department, and within the scope of his employment. Plaintiff concedes that if he can establish that Officer Laureano was negligent that his employer must pay the judgment regardless of the adequacy of his training thus making a cause of action for negligent hiring, training, supervision, or retention unnecessary.

**POINT III: THE THIRD CAUSE OF ACTION, ALLEGING ASSAULT AND BATTERY.**
The Plaintiff concedes the absence of excessive force in his arrest. The Plaintiff further concedes that no conspiracy claim can lie under the facts asserted in the Amended Complaint.

**POINT IV: THE TENTH CAUSE OF ACTION.**

The Defendants argued that as Officer Laureano was alone when he caught and apprehended Mr. Johnson, the Tenth Cause of Action, asserting failure to intervene under federal law is factual and legally unsupportable. The Plaintiff asserts that it is Officer Laureano that could have intervened to stop the criminal action in this case. Had Officer Laureano informed the District Attorney's Office that he did not observe the Plaintiff's vehicle violate V & T 1163(d), the People would not have had a basis present the action to a grand jury and proceed with the matter. Plaintiff asserts that the criminal action could have terminated at an earlier date.

# POINT V: THERE EXISTS GENUINE ISSUES OF MATERIAL FACT PRECLUDING THE GRANT OF SUMMARY JUDGMENT AS TO THE FOURTH, SEVENTH, AND NINTH CAUSES OF ACTION.

The Defendants point to the sworn declaration of Officer Laureano as well as statements made by the Plaintiff after he was arrested to Officer Glodowski to defeat the Fourth, Seven, and Ninth Causes of Action. The Plaintiff maintains that there exists genuine issues of material facts precluding the grant of summary judgement as to each of the causes of action.

The video of the incident has been submitted by the Defendants as *Exhibit C*. Initially, the Plaintiff submits that the video speaks for itself and demonstrates that Officer Laureano activated his emergency lights prior to the time the Audi drifted to the right. *Exhibit C*. At the Mapp hearing, Officer Laureano testified under oath that he did not activate his emergency lights to stop the Plaintiff's vehicle until he had pulled to the curb. *Plaintiff's Exhibit A*. However, in his Declaration filed in this action, Officer Laureano now claims that the Plaintiff's vehicle veered or drifted out of the lane of travel in violation of V &T 1163(d). In contrast, Plaintiff's Affidavit explains that he had not drifted prior to the time that Officer Laureano had his emergency lights. *Plaintiff's Exhibit B, Affidavit of Devin Johnson*. Further, Plaintiff maintains that the statements made to Officer Glodowski were made out of context and do not constitute an admission so as to establish probable cause. *Plaintiff's Exhibit B, Affidavit of Devin Johnson*. Officer Laureano had already alleged that he had probable cause to stop Mr. Johnson's vehicle prior to any comments made by Mr. Johnson and said comments cannot help Officer Laureano establish probable cause. Based upon Mr. Johnson's affidavit, there exists material facts as to the import of his statement and whether this statement constitutes an admission of any type.

Mr. Johnson maintains that a review of the BLC demonstrates that his car had not moved from the lane of travel and that Officer Laureano activated his lights for a traffic stop prior to the time that Mr. Johnson pulled to the side of the road for the traffic stop. *Defendants' Exhibit C,*

*Clifford and Miller BLC; Plaintiff's Exhibit C, Screenshot from Clifford and Miller BLC at 9:45:40:353.* As depicted in Plaintiff's Exhibit C, Officer Laureano's emergency lights have been activated while Mr. Johnson's vehicle remains in the lane of travel. In fact, at this point Plaintiff's vehicle is next to a parked car, prohibiting the ability to drift out of the lane of travel. Moreover, Mr. Johnson maintains that the BLC depicts the incident.

For the foregoing reasons, the Plaintiff maintains that the Clifford and Miller BLC, the testimony of Officer Laureano at the Mapp hearing, and Plaintiff's Affidavit demonstrate that there exist issues of material fact precluding the grant of summary judgement.

**POINT VI: THERE EXIST GENUINE ISSUES OF MATERIAL FACT PRECLUDING SUMMARY JUDGMENT AS TO THE FIRST, SECOND, AND EIGHTH CAUSES OF ACTION.**

The Defendants claim that the First, Second, and Eighth causes of action are all fatally undercut by Mr. Johnson's statements to Officer Glodowski. The Plaintiff disagrees and maintains that there are genuine issues of material fact regarding each claim. Specifically, there is a triable issue of fact as to whether there was probable cause for the Plaintiff's arrest.

"[T]he issue of probable cause is a question of law to be decided by the court only where there is no real dispute as to the facts or proper inferences to be drawn from such facts" (*Parking v Cornell Univ.*, 78 NY2d 523, 529 [1991]). Probable cause to arrest exists when the arresting officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrest has committed or is committing a crime" *(Wyant v. Okst,* 101 F3d 845, 852 [2d Cir. 1996]; *Escalera v. Lynn*, 361 F3d 737, 743 (2nd Cir. 2004)).

The Plaintiff does not dispute that a traffic stop may be affected for the failure to signal prior to changing lanes. However, Plaintiff does dispute that he veered out of the lane of traffic

6

in this case or that he violated Vehicle and Traffic Law 1163(d). First, the Plaintiff points to the Clifford/Miller BLC footage of the stop. The Plaintiff's vehicle does not veer toward the curb to park prior to the time that Officer Laureano turned on his emergency lights, signaling for the Plaintiff to pull to the side of the road and stop. *Defendant's Exhibit C.* Following the Mapp hearing and the submission of the Blue Light Camera footage, Judge Schiano found that Officer Laureano did not have probable cause to stop the vehicle. *Defendant's Exhibit Q, Decision and Order.*

On direct examination at the Mapp hearing, Officer Laureano testified that as he followed Mr. Johnson's SUV on Miller Street "the vehicle pulled over to the side of the curb, and it didn't activate its signal before pulling to the side of the curb. At that time I did activate my emergency equipment and perform a traffic stop". *Plaintiff's Exhibit A, Mapp Hearing transcript at p.6, lines 21-24.* Officer Laureano had the following additional responses during direct examination:

> "Q. [Prosecutor]: And you said there came a time when you saw the vehicle park at the curb without signalling; is that correct?
>
> A. [Officer Laureano]: Yes.
>
> Q. [Prosecutor]: And then what happened after you observed the vehicle go to the curb without signaling?
>
> A. [Officer Laureano]: I activate[d] my emergency equipment to perform a traffic stop."
> *Plaintiff's Exhibit A, Mapp Hearing transcript at p. 7, lines 9-15.*

After the conclusion of the Mapp hearing, having viewed the Clifford/Miller BLC footage of the stop, Judge Schiano found that the Blue Light Camera footage did not bear out Officer Laureano's testimony. *Defendants' Exhibit Q, Decision dated October 13, 2020 at 4.* Judge Schiano found that the Blue Light camera footage "shows that the [sic] Officer Laureano activated his emergency lights before [Mr. Johnson's] vehicle pulled over to the curb. *Defendants' Exhibit Q, Decision dated October 13, 2020 at 4.* Judge Schiano did not credit Officer Laureano's testimony as to

probable cause to stop defendant's vehicle. As Judge Schiano found, Plaintiff maintains that the Clifford/Miller BLC footage does not bear out Officer's Laureano's testimony at the Mapp hearing or the allegations contained within his Declaration submitted in support of summary judgment. Notably, in contradiction to his testimony at the Mapp hearing, Officer Laureano's Declaration does not contend that Plaintiff pulled to the curb, rather Officer Laureano now contends that the Plaintiff's vehicle "began to drift to the right, out of the travel lane, without signaling." *Laureano Declaration at p. 3.*

Officer Laureano's Affidavit indicates that he "had received a call from my fellow officer, Philip Perelli, asking any available Officer in the Clinton Section for assistance in locating a black Audi Q7 SUV bearing New York license plate number GPB 2190, which he had observed several minutes earlier at 5 Lincoln Street, which was a known gang and drug house." *Laureano Declaration at p. 1, para 2.* However, at the Mapp hearing Officer Laureano testified,

"Q [Defense counsel] You were notified by Officer Perelli that he needed assistance?

A [Officer Laureano] Yes.

Q [Defense counsel] You said it was a suspicious vehicle, correct?

A [Officer Laureano] Yes.

Q [Defense counsel] What was suspicious about it?

A [Officer Laureano] You have to ask Officer Perelli.

Q [Defense counsel] I am asking you. You said in your report that you were asked to help Officer Perelli with a suspicious vehicle?

A [Officer Laureano] Right.

Q [Defense counsel] Did you ask him?

A [Officer Laureano] I don't ask other people why its suspicious. That's up to
Them to determine, because they are going to have to do the report." *Plaintiff's Exhibit A, Mapp Hearing at p      9-10,*

8

The information detailed in Officer Laureano's Declaration that he had received a call from Officer Perelli, indicating that he had observed the vehicle at a known gang and drug house is also at odds with the above testimony given at the Mapp hearing. Compare *Laureano Declaration at p.3, para 2*. Officer Laureano was going to stop Mr. Johnson's vehicle with or without actual probable cause to identify who he was.

The Defendants assert that the comments made by Mr. Johnson to Officer Glodowski do not establish probable cause for his arrest. First, as argued above, the Blue Light camera footage establishes the timing of when Officer Laureano activated his emergency lights signaling the Plaintiff to stop his vehicle. *Defendant's Exhibit B, Clifford and Miller BLC*. Next, the Plaintiff's statements do not establish that his vehicle was "drifting" out of the lane of travel. Finally, as attested in the Plaintiff's affidavit, at the time he made the statement, he was indicating that he was looking to pull over to locate his neighbor. *Plaintiff's Exhibit B, Devin Johnson Affidavit*. At no time did the Plaintiff indicate or admit that he had drifted out of the lane of travel prior to the time that Officer Laureano's emergency lights had been activated.

The Defendants further argue that even if probable cause is not established that Officer Laureano is entitled to qualified immunity on the Causes of Action against him, based upon arguable probable cause. Even if a court finds that there was probable cause to arrest, the arresting officer will still be entitled to qualified immunity for a suit from damages if he can establish there was "arguable cause to arrest" *(Escalera v. Lunn, 361 F3d 737, 743 [2d Cir. 2004])*. Arguable probable cause exists "if either (a) it was objectively reasonable for the officer to believe probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met" (*Escalera*, 361 F3d at 743 quoting *Golino v New Haven*, 950 F2d 864, 870 [2d Cir. 1991]). The Plaintiff maintains that the BLC footage from the Clifford/Miller camera establishes that the Plaintiff's vehicle did not drift to the right until after Officer Laureano activated

9

his emergency lights to affect a stop of the Plaintiff's vehicle. The Plaintiff asserts that it was not objectively reasonable for Officer Laureano to believe that probable cause existed. Notably, initially Officer Laureano gave testimony under oath that the vehicle had pulled the curb prior to the time that he activated his emergency lights.

Moreover, where material issues of fact remain in dispute as to the reasonableness of Officer Laureano's conduct at the time of the stop, the Court may not reach qualified immunity on summary judgment. *Rodriquez v City of Rochester*, 2015 U.S. Dist. LEXIS 125178 [WDNY 2015]. Where there is a disputed issue of material fact as to whether the circumstances would allow an objectively reasonable office to believe that probable cause existed, a defendant is not entitled to qualified immunity as a matter of law. *Rodriquez*, 2015 U.S. Dist. LEXIS at 11 citing *Oliveira v Mayer*, 23 F.3d 642, 649 [2d Cir. 1994].

As such the Plaintiff maintains that Officer Laureano is not entitled to qualified immunity, and he is not entitled to dismissal of all causes of action against him.

## CONCLUSION

For the forgoing reasons, it is respectfully submitted that there exist genuine issues of material facts precluding the grant of summary judgment to the City of Rochester and Officer Laureano. In addition, the Plaintiff respectfully requests that this Honorable Court deny the Defendants motion for summary judgment in this matter and permit the matter to proceed.

Dated: September 29, 2023

Respectfully submitted,

*Mark A Young*
Mark A. Young, Esq.
Law Office of Mark A. Young
45 Exchange Blvd.
Suite 802
Rochester, NY 14614
585-232-4240
mark@markyounglaw.com