UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEVIN JOHNSON

                    Plaintiff,

         v.

THE CITY OF ROCHESTER
and JONATHAN LAUREANO,

                    Defendants.
_____

**PRETRIAL ORDER**

6:21-CV-06683 EAW

This order will control the conduct of the trial in the above-captioned case.

## I.    SCHEDULE

A jury trial is scheduled to commence on <u>Monday, March 24, 2025, at 9:00 a.m., at the United States Courthouse, 100 State Street, Rochester, New York</u>.  This is a day-certain trial that will not be adjourned except for the trial of criminal cases which take precedence pursuant to 18 U.S.C. § 3161.  The trial will proceed daily, commencing at 9:00 a.m. and continuing until approximately 5:00 p.m. each day, although the precise schedule will be discussed in further detail at the pretrial conference.  It is anticipated that the trial will last five days and conclude by March 28, 2025.

<u>The parties must notify this Court immediately if a pretrial resolution of this matter has been reached.</u>

A pretrial conference is scheduled for <u>Thursday, February 27, 2025, at 1:00 p.m.</u>, at the United States Courthouse, 100 State Street, Rochester, New York.  All attorneys who will actually try the case must be present at the pretrial conference.

## II.    <u>PRETRIAL SUBMISSIONS</u>

Unless otherwise indicated below, the following pretrial submissions <u>must be filed</u> with the Clerk of the Court and served by <u>January 30, 2025</u>:

### A.    <u>*Voir Dire* Preparation</u>

The Court will conduct *voir dire*, but will consider requests by counsel to conduct limited questioning.  The parties may submit a list of proposed questions they wish the Court to ask the panel.  Failure to do so constitutes a waiver of any requests by that party. In addition, all parties must submit each of the following items:

1.    The name, firm name (if applicable), and business address of the attorney or attorneys trying the case, and the names of any assistants who will be in court at the party's table.

2.    The full name and address of each client, including the name of any corporate representative, who intends to appear at trial.

3.    A list of prospective witnesses.  Witnesses whose testimony the parties intend to introduce through depositions should be listed and identified as "deposition witnesses."  The Court may preclude the use of any witness not identified on the witness list.  For proper identification to the jury, the parties' witness lists should include the following:

a.      The full name of the witness;

b.      The occupational association of the witness (*e.g.*, FBI, medical director, bank teller);

c.      The address of the witness (city and state will be sufficient); and

d.      A brief statement of the general subject matter expected to be covered by the witness (*e.g.*, John Doe, chemist who analyzed drugs; Mary Smith, medical director of employee hospital).

4.      A jointly proposed and concise statement of the case for the Court to use with the prospective jury.

**B.      <u>Exhibits and Exhibit Lists</u>**

Each party must prepare an exhibit list containing those exhibits that the party anticipates introducing in its direct case.  Exhibits that will be used during cross-examination for impeachment, to refresh a witness's recollection, or otherwise, must also be included in the exhibit lists.  Except for extraordinary cause, the Court will not allow the introduction into evidence of exhibits not listed on the exhibit lists and made part of the exhibit books.

<u>All</u> exhibits shall be denominated by number.  Plaintiff shall use numbers 1 through 399, and Defendants shall use numbers 400 through 799.  Each exhibit must be physically tagged with the appropriate colored sticker (pink for Plaintiff, blue for Defendants), and each exhibit must be physically numbered prior to the commencement of trial.

At the final pretrial conference, the parties must provide the Court and the opposing party/parties with an exhibit book containing copies of the exhibits. This book should consist of a three-ring binder with tabs for each exhibit.

All charts not intended to be offered into evidence, other demonstrative evidence, or items of physical evidence, must be made available for examination in Rochester or some other mutually agreeable place at least two (2) business days before they are presented at trial or displayed to the jury.

The parties are directed to identify those exhibits as to which admissibility will not be contested, and those that will be stipulated into evidence. Finally, the parties shall also specify those exhibits to which they will object solely on the ground of relevance. These issues will be discussed at the pretrial conference. Note: Notwithstanding any agreements reached, all exhibits (including joint exhibits) must be formally moved into evidence at the appropriate time during trial. The parties should be prepared to discuss stipulating exhibits into evidence at the final pretrial conference.

### C.    Expert Testimony

The parties must file a brief summary of the qualifications of all expert witnesses, and a concise statement of each expert's expected opinion testimony and the material upon which that testimony is expected to be based.

The parties must comply with all expert disclosure requirements and deposition rules, listed at Fed. R. Civ. P. 26(a)(2) and (b)(4), and as ordered by the Court. The testimony of experts will be limited to the opinions and the grounds for each opinion set

forth in the expert's report and any supplemental disclosure. Failure to comply may result in preclusion of the testimony.

**D.  Deposition Testimony**

The parties must file an itemized list of deposition testimony (with page and line references), that they intend to use in their direct case. The parties should attempt to reconcile and resolve any disputes as to admissibility prior to the pretrial conference.

By February 13, 2025, any party objecting to the use of deposition testimony must file such objection, setting forth the basis for the objection, supporting authority, and a copy of the transcript of the objectionable testimony. If no objections are filed, the party will be deemed to have waived any objections to the proffered deposition testimony.

**E.  Undisputed Facts and Stipulations**

The parties should be prepared to report at the final pretrial conference concerning any agreements as to stipulations of fact and stipulations as to testimony and evidence. The Court expects the parties to work in good faith toward an agreement on this issue. It is especially troubling to force custodians of business records and chain-of-custody witnesses to appear.

Proposed stipulations do not have to be filed with the Court as part of the pretrial submissions.

**F.  Legal/Evidentiary Issues and Motions _in Limine_**

The parties have an obligation to advise the Court, as soon as possible, of any significant issues of law involved in the case, and any unusual questions related to the

admissibility of evidence, trial procedure, or substantive issues. Surprises and gamesmanship have no place in a trial and benefit neither side. It is in the parties' interest that the Court be aware of potential problems so that careful consideration can be given to the parties' respective positions.

Some issues cannot be anticipated, but many evidentiary issues can. Examples include: objections to the admissibility of evidence based on Fed. R. Civ. P. 37; the potential of witnesses to assert testimonial privileges; impeachment of any witness by evidence of his/her character or specific instances of conduct, under Fed. R. Evid. 608, or by evidence of prior conviction, under Fed. R. Evid. 609; the admissibility of other crimes, wrongs, or acts to prove intent and motive, etc. under Fed. R. Evid. 404(b); authentication of tapes and voice identification; hearsay problems; prior inconsistent statements; and objections to expert testimony.

On or before January 30, 2025, the parties must file any motions *in limine* concerning potential legal or evidentiary issues, or procedural problems that may arise during the trial. Any responding papers must be filed by February 13, 2025, with any reply papers filed by February 20, 2025.

All motions *in limine* must be accompanied by a memorandum of law which includes citations to relevant case law to assist the Court in resolving the issues.

The Court intends to address any motions *in limine* at the pretrial conference.

- 6 -

**G.    Statement of Claims to be Pursued at Trial**

Any party asserting a claim (*e.g.* plaintiff, counterclaimant) must file a statement concerning a list of the specific claims/causes of action to be pursued at trial.  This list should include the name or type of claim, and a specific reference to the part of the pleading in which it was alleged (*e.g.*, Title VII race discrimination, as alleged in the third claim of plaintiff's complaint; breach of contract, as alleged in the first counterclaim of defendant's answer; common law indemnification, as alleged in the first claim of third-party plaintiff's third-party complaint).

Pleaded claims that will not be pursued at trial, but have not yet been disposed of by motion or otherwise, must be resolved or dismissed before trial.

**H.    Damages**

Plaintiff (or Defendants asserting cross-claims or counterclaims) must file an itemized statement of each element of special damages.

**I.    Instruction Material**

The Court gives standard jury instructions in every civil case, and the parties are not required to file proposed instructions concerning these matters:

    Province of the Court and Jury
    Evidence in the Case
    Direct and Circumstantial Evidence
    Questions are not Evidence
    Jury's Recollection Controls
    Court's Questions to Witnesses
    Burden of Proof
    Preponderance of the Evidence
    Credibility of Witnesses

Damages Must be Reasonable and not Speculative
Manner of Deliberations

Plaintiff must file on or before February 13, 2025, his proposed jury instructions on the substantive matters raised in the complaint, that is, the law relating to the causes of actions pleaded, including damages.

Defendants must file on or before February 13, 2025, their own proposed jury instructions, in the form set forth above, regarding any counterclaim, affirmative defense, or other issue on which they have the burden of proof.

Each proposed jury instruction must be consecutively numbered and each instruction must be set forth on a separate page. An index or Table of Contents for the instructions must be included. Legal authority or the source for the instruction must be set forth at the end of each instruction. If the instruction comes from a form book (*e.g.*, Sand, Modern Federal Jury Instructions; Devitt & Blackmar, Federal Jury Practice and Instructions; New York Pattern Jury Instructions (PJI)), the party must advise the Court as to whether the instruction, as presented, has been modified from the instruction that appears in the form book.

The parties must file any objections or requested modifications to proposed instructions at least one week before the pretrial conference.

Any other proposed jury instructions from either party, based on events occurring during trial, must be filed as soon as possible.

J.    **Courtesy Copies**

Each party shall provide to the Court a courtesy copy of all pretrial submissions filed pursuant to this Order.  It is the Court's preference that courtesy copies be three-hole punched, tabbed, and placed in binders.

An additional courtesy copy of the pretrial submissions required in sections A (*Voir Dire* Preparation) and B (Exhibits and Exhibit Lists) of this Order must be provided to the court reporter on the day of the pretrial conference.

Additionally, each party shall submit by email their proposed *voir dire* questions, exhibit lists, and proposed instructions in Microsoft Word format.  Those documents may be sent to the undersigned's Chambers at wolford@nywd.uscourts.gov.

III.   **JURY SELECTION**

The parties should be familiar with Fed. R. Civ. P. 48, L. R. Civ. P. 47, and 28 U.S.C. § 1870.  A jury of eight persons will be selected.  The Court will use the "struck jury system" as described in L. R. Civ. P. 47(e).  The Court will allow peremptory challenges as provided in 28 U.S.C. § 1870 and L. R. Civ. P. 47.

Under the struck-jury system, the clerk will select a panel that equals the total of the number of jurors, plus the combined number of peremptory challenges allowed to the parties.

*Voir dire* will be conducted of the panel.  Jurors on the panel excused for cause will be replaced by new prospective jurors.

Once the Court has determined that none of the panel should be dismissed for cause, the parties may exercise their peremptory challenges. Defendants will exercise peremptory challenges first by writing the name and number of the juror on the strike sheet that will be provided. The strike sheet will then go to the Plaintiff who will make his own strike by writing the name and number of a juror. This process will continue until the parties have either exhausted or waived the allotted number of peremptory challenges. Plaintiff, who has the burden of proof at trial, will get the last strike.

If a party does not exercise a challenge during a particular round, the party loses only that peremptory challenge and may make other peremptory challenges in later rounds against anyone on the panel.

The first eight panel members remaining will constitute the jury.

## IV.    **TRIAL PROCEDURE**

At least the evening before each day's session, the parties will advise the Court of the witnesses expected to be called the following day. The parties are responsible for having witnesses available as needed.

The parties are expected to cooperate in scheduling witnesses. The Court will consider requests to take witnesses out-of-turn to accommodate experts and other non-party witnesses.

Jury time is valuable time and the Court will not tolerate the squandering of this time with bench conferences and conferences in chambers concerning matters that could be resolved before the jury is summoned, during breaks, or in the evening.

If the Court recesses to 9:00 a.m., for example, it is expected that we will begin proof at that time.  If the parties expect problems, or need to see the Court, they must make arrangements to meet with the Court at a time <u>before</u> the jury is scheduled to arrive or in the evening after the jury has left.  <u>Nothing aggravates jurors more than waiting, without explanation, for long periods of time while the parties resolve matters that could have been resolved sooner.</u>

The Court may set time limits for opening statements and closing arguments.  Each party is responsible for maintaining custody of that party's original exhibits and having them available in court for use during trial.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:       October 10, 2024
             Rochester, New York

- 11 -