UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEVIN JOHNSON,

                Plaintiff,

      v.

THE CITY OF ROCHESTER and JONATHAN
LAUREANO, *Rochester Police Officer*,

                Defendants.

**DECISION AND ORDER**

6:21-CV-06683 EAW

---

## BACKGROUND

Plaintiff Devin Johnson ("Plaintiff") commenced this action in state court on October 11, 2021, against the City of Rochester and Rochester Police Officer Jonathan Laureano ("Laureano") (collectively, "Defendants"). (Dkt. 1-3). Defendants removed the case to federal court on November 8, 2021. (Dkt. 1). Plaintiff filed an amended complaint on July 28, 2022, alleging ten causes of action against Defendants. (Dkt. 15). After multiple extensions of the discovery deadlines (*see* Dkt. 6; Dkt. 20; Dkt. 23; Dkt. 25), discovery finally closed in early April 2023 (Dkt. 25). On July 6, 2023, Defendants filed a motion for summary judgment (Dkt. 29), and on November 28, 2023, United States District Judge Larimer granted the motion in part and denied it in part (Dkt. 38). On April 22, 2024, Plaintiff's counsel Mark Young ("Young") wrote to Judge Larimer requesting a "trial date status conference" because "all discovery has been completed. . . ." (Dkt. 39). The case was reassigned from Judge Larimer to the undersigned shortly thereafter.

- 1 -

Unfortunately, Young passed away after sending his April 2024 letter to Judge Larimer. Elliot Dolby Shields ("Shields") took over Plaintiff's representation, filing a notice of appearance on July 12, 2024 (Dkt. 40). Shields promptly filed a motion requesting a conference to set a trial date. (Dkt. 43). A trial date has been scheduled to commence on March 24, 2025. (Dkt. 49).

Plaintiff now moves pursuant to Federal Rule of Civil Procedure 16(b)(4) to reopen discovery for the purpose of deposing Laureano and Officer Phillip Perelli. (Dkt. 50). Defendants oppose the motion, arguing that Plaintiff has failed to establish the requisite "good cause" for relief. (Dkt. 52 at 1). Plaintiff replied to Defendants' opposition, arguing that there are extraordinary circumstances warranting the reopening of discovery and that the limited nature of the requested discovery weighs in favor of reopening discovery. (Dkt. 53 at 2). For the reasons set forth below, the Court denies the motion to reopen discovery.

## ANALYSIS

Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether good cause exists to reopen discovery, a court should consider: (1) "whether trial is imminent," (2) "whether the request is opposed," (3) "whether the non-moving party would be prejudiced," (4) "whether the moving party was diligent in obtaining discovery within the guidelines established by the court," (5) "the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court," and (6) "the likelihood that the discovery will lead to relevant evidence." *Moroughan v. Cnty. of Suffolk*, 320 F. Supp. 3d 511, 515 (E.D.N.Y. 2018) (quoting *Pharmacy, Inc. v. Am.*

*Pharm. Partners, Inc.*, No. CV 05-776(DRH)(AKT), 2008 WL 4415263, at *3 (E.D.N.Y. Sept. 24, 2008)).

As to the first factor, trial is imminent.  This action was filed over three years ago, and the trial is scheduled to commence in about four months.  Pretrial filings in connection with the trial are due to be filed in just over two months, and the final pretrial conference is scheduled for February 27, 2025.  (*See* Dkt. 49 at 2).  This factor thus weighs strongly against reopening discovery.  *See*, *e.g.*, *United States v. Prevezon Holdings, Ltd.*, 236 F. Supp. 3d 871, 873 (S.D.N.Y. 2017) (finding first factor weighed against reopening discovery where trial date was just a few months away).

The second factor also weighs strongly against granting Plaintiff's motion.  As noted, Defendants oppose the request.

With respect to the third factor, as Defendants point out, time for trial preparation is short (especially given the intervening year-end holidays) and Defendants' motion for summary judgment was based on a closed record.  (Dkt. 52 at 4).  On the other hand, the proposed discovery is fairly limited and therefore, while the Court finds that this factor may weigh slightly in favor of denying the pending motion, it could cut both ways and thus may more appropriately be characterized as neutral.

On the other hand, with respect to the fourth factor, this weighs strongly against granting the motion.  Neither Young nor Shields have been diligent in seeking to pursue these depositions.  Indeed, while discovery was open, Young made the decision to not

conduct the very depositions that Shields now seeks to conduct.[1]  The Court is not persuaded that Young's decision in this regard was the result of "a lack of effort or interest in zealously representing his client" rather than a tactical choice.  *Cf. Jacobs v. N.Y. City Dep't of Educ.*, No. 11-CV-5058 (MKB) (RML), 2015 WL 7568642, at *5 (E.D.N.Y. Nov. 24, 2015).  And even if Young's decision could have been negligent, Shields has failed to display the requisite diligence since filing his notice of appearance in July 2024.  It was not until three months later and after a trial date was set that Shields filed the pending motion.[2]

Next, the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court weighs strongly against reopening discovery.  "A significant consideration is whether there has already been adequate opportunity for discovery."  *Carroll v. Trump*, No. 22-CV-10016 (LAK), 2023 WL 2006312, at *7 (S.D.N.Y. Feb. 15, 2023).  Here, there has been a more than adequate opportunity for discovery because fact discovery, which was initially to be completed by October 3, 2022,

---

[1]  Plaintiff argues that Young's decision was motivated by the fact that he cross-examined Laureano at a hearing conducted in connection with Plaintiff's underlying criminal case.  (Dkt. 50-2 at ¶ 6).  This contention as to Young's reasoning is completely speculative.  And in any event, Plaintiff has made no showing that the transcript of that hearing is unavailable to his current counsel.  Moreover, Plaintiff's suggestion that somehow counsel should always have an opportunity to assess an individual's credibility firsthand (Dkt. 50-1 at 1) is absurd.  Taken to its logical conclusion, this would mean that anytime new counsel gets involved in a case, they would have the right to re-examine any witnesses in the case.  That is not the law.

[2]  Plaintiff contends that his current counsel did not have "the full picture" concerning discovery until October 11, 2024.  (Dkt. 50-1 at 5).  But in fact, the record shows that Plaintiff's current counsel was advised on July 10, 2024, that no depositions had been conducted.  (Dkt. 52-1 at ¶ 7).  Thus, Plaintiff's current counsel was armed with the information concerning the state of deposition discovery long before this motion was filed on October 15, 2024.

was extended several times finally closing on April 3, 2023. (Dkt. 6; Dkt. 20; Dkt. 23; Dkt. 25; *see* Dkt. 27). Given the extensions, counsel for both parties had an adequate opportunity for discovery. *See Moore v. Peters*, 341 F.R.D. 463, 473 (W.D.N.Y. 2022) (foreseeability factor weighed against reopening discovery when the Court had issued six amended scheduling orders).

Finally, discovery would likely lead to relevant evidence. But this factor alone is not enough to warrant the reopening of discovery. Thus, on balance, the Court concludes that Plaintiff has failed to establish that discovery should be reopened.

## CONCLUSION

For all these reasons, Plaintiff's motion to reopen discovery (Dkt. 50) is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: November 15, 2024
       Rochester, New York