MONROE COUNTY CLERK'S OFFICE

THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 1924071

Book    Page    CIVIL

Return To:
VAN HENRI WHITE

No. Pages:  7

Instrument: MISCELLANEOUS DOCUMENT

Control #:      201901041179
Index #:        E2018010768

Date: 01/04/2019

Maddox, Lucrecia

Time: 6:17:52 PM

City of Rochester
Rochester Police Department
Perelli, Phillip

Total Fees Paid:                        $0.00

Employee:

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

ADAM J BELLO

MONROE COUNTY CLERK



STATE OF NEW YORK
SUPREME COURT         COUNTY OF MONROE
_____

LUCRECIA MADDOX, as Natural Guardian and
Parent of YAHMIEK MADDOX

                         Plaintiff,

      **AMENDED SUMMONS**

- vs. -

      Index No.: E2018010768

CITY OF ROCHESTER,
THE ROCHESTER POLICE DEPARTMENT,
AND PHILLIP PERELLI

                         Defendants.
_____

TO THE ABOVE-NAMED DEFENDANTS:

     **YOU ARE HEREBY SUMMONED** TO ANSWER THE COMPLAINT IN THIS ACTION AND TO SERVE A COPY OF YOUR ANSWER, OR, IF THE COMPLAINT IS NOT SERVED WITH THIS SUMMONS, TO SERVE A NOTICE OF APPEARANCE ON THE PLAINTIFF'S ATTORNEY WITHIN 20 DAYS AFTER THE SERVICE OF THIS SUMMONS, EXCLUSIVE OF THE DAY OF SERVICE (OR WITHIN 30 DAYS AFTER THE SERVICE IS COMPLETE IF THIS SUMMONS IS NOT PERSONALLY DELIVERED TO YOU WITHIN THE STATE OF NEW YORK), AND IN CASE OF YOUR FAILURE TO APPEAR OR ANSWER, JUDGMENT WILL BE TAKEN AGAINST YOU BY DEFAULT FOR THE RELIEF DEMANDED IN THE COMPLAINT.

DATED:    January 4, 2019

                                          /s/ Van Henri White
                                          _____

                                          VAN HENRI WHITE, ESQ.
                                          Attorney for the Plaintiff
                                          18 Grove Place
                                          Rochester, New York 14605
                                          Phone: (585) 271-6780

STATE OF NEW YORK
SUPREME COURT     COUNTY OF MONROE

---

LUCRECIA MADDOX, as Natural Guardian and
Parent of YAHMIEK MADDOX
                          Plaintiff,

                                              **AMENDED COMPLAINT**

- vs. -

                                      Index No.: E2018010768

CITY OF ROCHESTER,
THE ROCHESTER POLICE DEPARTMENT,
AND PHILLIP PERELLI
                            Defendants.

---

## JURISDICTIONAL STATEMENT

Lucrecia Maddox (hereinafter the "Plaintiff") complaining of the Defendants by her attorney, Van Henri White Esq., respectfully alleges:

1. Yahmiek Maddox was born on May 17, 2002.

2. The Plaintiff is the parent and natural guardian of Yahmiek Maddox.

3. That at all times hereinafter mentioned, the Plaintiff was and is a resident of the County of Monroe, State of New York.

2. That at all times hereinafter mentioned, the Defendant, the City of Rochester (herein after referred to as "the City"), was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

3. That at all times hereinafter mentioned, the Defendant, the Rochester Police Department (herein after referred to as "RPD") was and still is a subdivision of the City of Rochester, New York.

4. Upon information and belief that at all times hereinafter mentioned the City and the R.P.D. employed the officers, investigators, staff, and others referred to in this Complaint.

5. Defendant Phillip Perelli was one of those officers employed by the R.P.D. He is being sued in his official as well as in an individual capacity.

6. On June 12, 2018, the Plaintiff filed and served a Notice of Claim within 90 days of the date at his alleged claim. The Defendants have refused to compromise and settle this matter.

## FACTS

7. On or about May 25, 2018, at 4:04 p.m. sixteen-year-old Yahmiek Maddox was approached by officers of the Rochester City Police Department.

8. Upon information and belief, the original encounter was prompted by allegation that Mr. Maddox possessed an open bottle which contained an alcoholic beverage. Significantly, young Mr. Maddox never possessed any alcoholic beverage but rather had purchased a bottle of juice (from a neighborhood store) on his way home from school.

9. Initially, after handcuffing Mr. Maddox for this alleged violation, officers on the scene decided to release Mr. Maddox. As Mr. Maddox gathered his possessions and began to walk away. As he did so, he called one of the officers (Defendant Phillip Perelli) a name.

10. Even though there was no physical provocation or contact by Mr. Maddox, Defendant Perelli attacked Mr. Maddock by first slapping then grabbing Mr. Maddock about the neck. After violently attacking Mr. Maddox, several officers wrestled Mr. Maddox down to the ground.

11. After these officers wrestled Mr. Maddox to the ground, Defendant Perelli began to punch Mr. Maddox repeatedly – who at that point was completely defenseless.

12. After putting handcuffs on Mr. Maddox for a second time, officers placed Mr. Maddox in the back of a police vehicle. Once Mr. Maddox was secure in the vehicle, Defendant Perelli sprayed mace on Mr. Maddox as he sat a defenseless and handcuffed in the back of the police vehicle. With the vehicle windows and doors closed, Mr. Maddox could barely breath.

Upon information and belief, the Defendant believes that this was done intentionally in order to torture Mr. Maddox.

13. Ironically, even though Defendant Perelli was the clear aggressor, Mr. Maddox was the one charged with Harassment in the Second Degree. Mr. Maddox was also charged with Resisting Arrest and a violation of the Alcohol Beverage and Container Law. The officers' arrest of Mr. Maddox on these charges was malicious and without justification or without cause.

14. Following his arrest, Mr. Maddox was taken to the Monroe County Jail.

15. Significantly, when Mr. Maddox appeared in court, the Monroe County District Attorney's Office withdrew and dismissed all charges against Mr. Maddox.

## FOR A FIRST CAUSE OF ACTION
### (False Arrest and False Imprisonment.)

16. Plaintiff repeats and realleges each and every allegation contained in paragraphs one (1) through fifteen (15), with the same force and effect as if set forth here at length.

17. The arrest of Mr. Maddox was without probable cause. Therefore, the arrest of Mr. Maddox was unjust and illegal.

18. By reason of this false arrest, Mr. Maddox was incarcerated.

19. Upon information and belief, the arresting officers were intentionally and maliciously conspiring to deprive Mr. Maddox of his rights.

20. The damages so inflicted, exceed the jurisdictional limits of the courts below.

## AND AS FOR THE SECOND CAUSE OF ACTION
### (Intentional and Negligent Assault)

21. Repeats and realleges each and every allegation contained in paragraphs one (1) through twenty (20), with the same force and effect as if set forth here at length.

22. The actions of all the officers (including Defendant Perelli) amounted to an intentional and negligent assault upon Mr. Maddox's person.

23. As a result of this assault, the Mr. Maddox suffered serious physical and suffered unimaginable pain and suffering. The damages so inflicted, exceed the jurisdictional limits of the courts below.

### AND AS FOR THE THIRD CAUSE OF ACTION
### (Negligent Training, Supervision, and Retention)

24. Repeats and realleges each and every allegation contained in paragraphs one (1) through twenty-three (23), with the same force and effect as if set forth here at length.

25. The negligent and/or intentional acts described above were a proximate and direct result of the failure of the City and the Rochester Police Department to properly train and supervise the staff, employees, and agents that had contact with Mr. Maddox.

26. As a direct and proximate cause of the grossly and recklessly negligent and intentional acts of the City and the Rochester Police Department (as set forth above), Mr. Maddox suffered severe physical pain and significant emotional anguish in connection his injuries and false arrest and imprisonment.

### AND AS FOR THE FOURTH CAUSE OF ACTION
### (Intentional and Negligent Infliction of Mental Distress)

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs one (1) through twenty-six (26), with the same force and effect as if set forth here at length.

28. By their actions, the Defendants intentionally and negligently (including their negligent training of the arresting officers), inflicted great mental distress and severe emotional pain upon Mr. Maddox. The damages so inflicted, exceed the jurisdictional limits of the courts below.

WHEREFORE, Plaintiff requests the following relief:

A. A judgment against the Defendants, on the four causes of action listed above, for a sum that exceeds the jurisdictional amount of the courts below and for costs and disbursements.

B. An Order requiring the Rochester Police Department to provide professional

development and training to its officers regarding the rights of citizens under the United States and New York States Constitutions.

  C. An Order requiring the Rochester Police Department to provide professional development and training to its officers and employees regarding the proper and appropriate use of capstun and/or pepper spray.

  D. An Order requiring the Rochester Police Department to promulgate protocols, rules, and general orders regarding the proper and appropriate use of capstun and/or pepper spray.

  E. An Order providing for such further and additional relief as this court deems appropriate.

Dated: January 4, 2019
Rochester, New York

/s/ Van Henri White

VAN HENRI WHITE
Attorney for the Plaintiff
18 Grove Place
Rochester, New York 14605
(585) 271-6780
van.white@thelegalbrief.com