## STIPULATION OF SETTLEMENT

### Between

### THE CITY OF ROCHESTER

### And

### Officer Phillip Perelli

This Stipulation of Settlement ("Settlement") is an alternative disciplinary agreement for Officer Phillip Perelli ("Officer Perelli"), a police officer with the City of Rochester Police Department (the "RPD" or "City"), and a member of the Rochester Police Locust Club, Inc,, the recognized bargaining unit for City of Rochester Police Officers. Officer Perelli is the subject of an internal investigation by the Professional Standards Section ("PSS"), under PSS-18-0563, regarding alleged on-duty conduct that constituted various violations of RPD's Rules and Regulations, including violation of Rules and Regulations Section 2.15, "Arrests," and Rules and Regulations Section 4.2, "Courtesy." In lieu of rendering a decision on the alleged charges of misconduct, this Settlement is being extended to Officer Perelli to achieve a resolution to this matter that is acceptable to all parties.

Now, therefore and in consideration of the foregoing premises, the City of Rochester Police Department, and Officer Perelli, agree and stipulate to the following:

1. To satisfy the charges under PSS-18-0563, Officer Perelli will plead guilty to a violation of Rochester Police Department Rules and Regulations Section 2.15, "Arrests" to wit:

    > Members shall make arrests in full compliance and conformity with all laws and Department procedures.

    and,

Officer Perelli will plead guilty to a violation of Rochester Police Department Rules and Regulations Section 4.2, "Courtesy," to wit:

   a) Employees shall be courteous, civil and tactful in the performance of their duties.

   c) Employees shall not use harsh, profane, insolent, or intentionally insulting language toward any other employee or other person.

2. Officer Perelli will be assessed a penalty of four (4) days unpaid suspension. Officer Perelli will be allowed to take two (2) days of the unpaid suspension days as forfeited comp time. Such assessed penalty will be final, and it is intended by the parties that Officer Perelli

waives his right to appeal this penalty in any form, including under the parties' grievance procedures and New York State Civil Service Law.

3. By signing this Settlement, Officer Perelli waives his right to file a grievance in this matter or seek other legal redress concerning the terms of this Settlement except for an alleged breach of this Settlement by the City.

4. Officer Perelli understands and agrees that by signing this Settlement he waives his right to make any legal claims against the City related to or arising out of this Settlement or the alleged violations that form the basis of this Settlement. This waiver includes, but is not limited to, claims arising under any federal, state, or local human rights or civil rights laws, disability, wage and hour or labor law and or regulation, contract or tort loss, including but not limited to, Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 1983; New York Human Rights Law; the Age Discrimination in Employment Act of 1967, as amended; the Family and Medical Leave Act, as amended; the Americans With Disabilities Act of 1990, as amended, New York Labor Law (except unemployment insurance and minimum wage claims); as well as any common law rights and claims for tort, tortious, or harassing conduct, infliction of mental or emotional distress, breach of contract, libel or slander, whether seeking injunctive, equitable, punitive, compensatory, and any and all other types of relief.

5. Each of the parties acknowledges that it has received prior independent advice from legal counsel and /or a union representative of its or his choice with respect to the advisability of executing this Settlement. Officer Perelli acknowledges that he has been given a reasonable and adequate amount of time to consider whether to sign this Settlement. Officer Perelli further acknowledges that his attorney and/or union representative has carefully explained its terms to him, that he has carefully read and fully understands all the provisions of this Settlement and that he is signing this agreement voluntarily and knowingly. Officer Perelli further acknowledges that he has not relied upon any representations or statements, written or oral, not set forth in this Settlement.

**FOR THE ROCHESTER POLICE DEPARTMENT:**

_____    1/9/2020
Chief La'Ron D. Singletary               Date

**Officer Phillip Perelli**

_____    1/8/19
Officer Phillip Perelli                  Date

2