At a Special Term, of the
Supreme Court of the State
of New York, held in and for
the County of Monroe, on
____ 3rd ____ day June 2019.

Present: Hon. Evelyn Frazee

STATE OF NEW YORK
SUPREME COURT             COUNTY OF MONROE

---

LUCRECIA MADDOX, as Natural Guardian and
Parent of YAHMIEK MADDOX, An Infant

                            Plaintiff,             **ORDER SETTLING**
                                           **INFANT ACTION**

vs.
                                                Index No.: E2018010768

CITY OF ROCHESTER,
THE ROCHESTER POLICE DEPARTMENT,
AND PHILLIP PERELLI

                            Defendants.

---

    Now, upon reading and filing the sworn Petition of Lucrecia Maddox, mother of the infant, sworn to on the 22nd day of March 2019; the Affirmation of Van Henri White, attorney for the infant, sworn to on the 22nd day of March 2019; and the acknowledged consent of the infant and his mother; and this cause having been assigned to the Honorable Evelyn Frazee, and the parties having stipulated, with court approval, for the settlement of the infant's cause of action for the sum of Seventy-Five Thousand Dollars ($75,000.00), and it appearing that the best interests of the infant (born May 17, 2002) will be served by the settlement of this matter,

    Now, upon the Petition of Lucrecia Maddox, it is

    **ORDERED**, that the proposed settlement consisting of upfront cash and future periodic payments with a total present cost to the City of Rochester (Defendant) of Seventy-

COR VANN 039667

Five Thousand Dollars ($75,000.00) is hereby approved, and Lucrecia Maddox, as Parent and Natural Guardian of Yahmiek Maddox, an Infant (Plaintiff), is hereby authorized to enter into a compromise of the Infant Plaintiff's cause of action upon the following terms:

**ORDERED**, that Lucrecia Maddox, as Parent and Natural Guardian of Yahmiek Maddox, an Infant, be and hereby is authorized and empowered to sign, execute, acknowledge and deliver any and all releases, stipulations and other documents necessary to effectuate such settlement; and it is further

**ORDERED**, that the City of Rochester, shall pay upfront cash in the amount totaling Twenty-Five Thousand Dollars ($25,000.00) payable to Law Office of Van White to be disbursed as follows:

1. $25,000.00 payable to Law Office of Van White as payment of reasonable attorney's fees;

and it is further

**ORDERED**, that the City of Rochester, shall make future Periodic Payments in the following amounts on the following dates:

**To YAHMIEK MADDOX ("Payee"):**

a. $58,603.74 paid as a lump sum on May 17, 2026, guaranteed.

(Current cash cost to fund future periodic payment: $50,000.00)

and it is further

**ORDERED**, that the projected funding date of the annuity policy is August 1, 2019. Any delay in funding the annuity may result in a delay of the payment date or change in payment amount that shall be recorded in the settlement agreement and release, qualified assignment document and annuity contract without the need of obtaining an amended Petition/Court Order/New Infants Compromise Order up to 180 days after original purchase date; and it is further

**ORDERED**, that the City of Rochester, will make a qualified assignment under

COR VANN 039668

Section 130(c) of the Internal Revenue Code to MetLife Assignment Company, Inc. of the future Periodic Payment obligations. When such an assignment is made, MetLife Assignment Company, Inc. shall fund its obligation for such Periodic Payments by the purchase of an annuity contract issued by Metropolitan Tower Life Insurance Company, an A+ rated life carrier by the independent rating service, A. M. Best Co. licensed to do business in the State of New York, which annuity shall be owned by MetLife Assignment Company, Inc., pursuant to Internal Revenue Code Section 130(d). In accordance with the terms of said assignment, MetLife Assignment Company, Inc. shall be substituted as obligor of such payments for the City of Rochester, which shall be released from any further obligation to make said future Periodic Payments. Metropolitan Tower Life Insurance Company shall guarantee the payment obligations of MetLife Assignment Company, Inc.; and it is further

**ORDERED**, that in the event of the death of Payee, Yahmiek Maddox, all guaranteed non-life contingent payments specified in the paragraph above to be made by Assignee that have not been paid as of the date of Yahmiek Maddox's death shall be paid to the Estate of Yahmiek Maddox or to anyone he may so designate upon attaining the age of majority; and it is further.

**ORDERED**, that none of the future Periodic Payments (including the Plaintiff's or any Payee's right to such payments), or any portion thereof, may be accelerated, deferred, increased or decreased, anticipated, sold, assigned, pledged or encumbered by the Plaintiff or any Payee (or by any other person who becomes a recipient of Periodic Payments pursuant to the terms of the Qualified Assignment, Release and Pledge Agreement or by operation of law), except as authorized pursuant to a qualified order under Section 5891 (b) (2) of the Internal Revenue Code. Furthermore, any attempt to sell, transfer, or assign any part of the settlement shall require a showing of extreme, unforeseen and uncontemplated financial hardship before the Court, in addition to such other and further requirements as may be imposed under Section 5-1706 of the General Obligations Laws of the State of New York, or

COR VANN 039669

such similar provisions as may be promulgated in the future; and as it is further

**ORDERED**, that the City of Rochester, shall immediately forthwith fund the Periodic Payment obligation by issuing a check or draft made payable to MetLife Assignment Company, Inc. in the sum of Fifty Thousand Dollars ($50,000.00); and it is further

**ORDERED**, that no part of the sum being paid by the City of Rochester, to provide future Periodic Payments as set forth in this order may be paid directly to the Infant Plaintiff, Yahmiek Maddox, this Court having determined that a structured settlement is in the best interest of the Infant Plaintiff, Yahmiek Maddox, and that said Periodic Payments constitute damages on account of physical injury or physical sickness in a case involving physical injury or physical sickness within the meaning of Section 104(a)(2) and Section 130(c) of the Internal Revenue Code of 1986, as amended; and it is further

**ORDERED,** that all parties shall cooperate fully and execute any all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this settlement, including but not limited to the necessary structured settlement documentation; and it is further

**ORDERED,** that upon making and receipt of all of the payments above directed in compliance with this Order, as well as the assignment to MetLife Assignment Company, Inc., as set forth above, the Defendant, City of Rochester, shall then be discharged from any and all responsibility as to the causes of action set forth in this action; and it is further

**ORDERED,** that in light of the voluminous confidential personal information (CPI) contained in the Petition and supporting infant settlement papers, there is no question that the Plaintiff's safety, welfare and privacy against third parties with malicious intent or motive are best served by completely preventing those third parties from having access to such CPI, and, as such pursuant to Rule 202.5-b (e) (2), this Court *sua sponte* determines that good cause has been demonstrated for the sealing of the Court records and documents of the settlement in this case in accordance with 22-NYCRR 216.1 instead of redaction; and it is further

COR VANN 039670

**ORDERED**, that all Court records and documents relative to this Infant Settlement proceeding, including the Petition, Affidavits, Exhibits and the Court Order related thereto as well as any subsequent Court records and documents relating to the settlement of this matter to be filed by the Clerk of this Court shall bear the designation, FILED UNDER SEAL and the contents of the Court records and documents are not to be disclosed to any person except to the Court and its in-chamber staff; and it is further

**ORDERED**, that the caption of this matter is hereby amended to reflect the Infant Plaintiff's initials only as Y.M. and to omit his full name in order to protect the identity of the Infant Plaintiff and to ensure the safety, welfare and privacy against third parties with malicious intent or motive; and it is further

**ORDERED**, that the filing of a bond pursuant to CPLR Rule 1210 is dispensed with.

Dated: Rochester, New York
   3rd day of June, 2019

                                                     _____
                                                     Honorable Evelyn Frazee
                                                     Justice Supreme Court

Entered:

COR VANN 039671

## GENERAL RELEASE

**LUCRECIA MADDOX, as Natural Guardian and Parent of YAHMIEK MADDOX**, as RELEASOR, in consideration for the promise of the **CITY OF ROCHESTER** to pay SEVENTY-FIVE THOUSAND and 00/100 DOLLARS ($75,000.00) as settlement of claims in the matter of *Maddox v. City of Rochester, et al.*, E2018010768 (Monroe Cty. Sup. Ct.), hereby releases and discharges **CITY OF ROCHESTER**, its agents, employees, heirs, appointees, executors, administrators, successors and assigns, including but not limited to the Rochester Police Department and Phillip Perelli ("RELEASEES") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies , agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEES, the RELEASOR, RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

Whenever the text hereof requires, the use of singular number shall include the appropriate plural numbers as the text of the within instrument may require.

This Release may not be changed orally.

_____
LUCRECIA MADDOX

STATE OF NEW YORK:
COUNTY OF MONROE:    SS:

On _____, 2019, before me personally came Lucrecia Maddox, to me known, and known to me to be the individual described in, and who executed the foregoing RELEASE, and duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC, MONROE COUNTY
My commission expires _____

COR VANN 039672

MONROE COUNTY CLERK'S OFFICE           THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt #

Book   Page

Return To:                              No. Pages: 2
PATRICK BEATH

Instrument: STIPULATION OF DISCONTUANACE

Control #:      Unrecorded #7824102
Index #:        E2018010768

Date:

Maddox, Lucrecia                        Time:

City of Rochester
Rochester Police Department
Perelli, Phillip

Total Fees Paid:            $0.00

Employee:

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

ADAM J BELLO

MONROE COUNTY CLERK



**COR VANN 039673**

STATE OF NEW YORK
SUPREME COURT          COUNTY OF MONROE

LUCRECIA MADDOX, as Natural Guardian and Parent of Y.M.

                        Plaintiff,

v.

CITY OF ROCHESTER, THE ROCHESTER POLICE DEPARTMENT, and PHILLIP PERELLI

                        Defendants.

STIPULATION OF DISCONTINUANCE

Index No. E2018010768

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned counsel for the parties herein, that no person not a party has an interest in the subject matter of this proceeding, this action is hereby dismissed with prejudice.

BY: _____
VAN HENRI WHITE, ESQ.
*Attorney for Plaintiff*
18 Grove Place
Rochester, NY 14605
(585) 271-6780

BY: _____
TIMOTHY R. CURTIN,
CORPORATION COUNSEL
Patrick Beath, Esq.
*Attorneys for Defendants*
30 Church Street, Room 400A
Rochester, NY 14614
(585) 428-6812

Dated: 8/30/19

COR VANN 039674