STATE OF NEW YORK
SUPREME COURT        COUNTY OF MONROE

---

THE PEOPLE OF THE STATE OF NEW YORK,

                        ANSWERING AFFIRMATION
                        TO MOTION TO VACATE
-vs-                     JUDGMENT PURSUANT TO
                        CPL 440.10

DARIUS HOWARD,
         Defendant.            Indict. No. 0154/2016
                                        Hon. Alex R. Renzi

---

I, Scott Myles, an attorney admitted to practice in the State of New York, do affirm under penalty of perjury that the following is true to the best of my knowledge:

1. I am an Assistant District Attorney for Monroe County and as such am familiar with the facts and circumstances of the case at bar. I make this affirmation in response to defendant's motion, dated August 13, 2020 seeking to vacate his judgment of conviction, pursuant to CPL 440.10.

2. This response is made upon personal knowledge, and upon information and belief based upon a review of the People's files and defendant's moving papers.

3. Pursuant to *People v Gruden* (42 NY2d 214 [1977]), the People deny all the allegations in defendant's moving papers except those expressly admitted.

4. Defendant was convicted by a jury verdict on August 18, 2016, of Aggravated Unlicensed Operation of a Motor Vehicle in the First Degree (Vehicle and Traffic Law §511[3][a][2]). Defendant was sentenced to an indeterminate term of one and a third to four years.

1

HOWARD-000903

5. Defendant's appeal is currently pending before the Appellate Division, Fourth Department, and is scheduled for argument in their October term.

6. Defendant now comes before this Court, seeking to vacate the judgment of conviction pursuant to CPL 440.10. In his current motion pursuant to CPL 440.10, defendant claims that his conviction was obtained in violation of his constitutional rights.

7. Specifically, defendant contends that the People's key witness, Officer Jonathan Laureano, testified that he found defendant's cell phone during a search of the defendant's automobile, in close proximity to illegal drugs, and later gave the phone back to defendant during the booking process.

8. Defendant further contends that the prosecutor was aware that this testimony was not accurate, and did not correct the testimony, or bring the matter to the Court's attention until after the jury had begun its deliberation.

9. The defendant's claim concerns matters which appear both on and off the record. The hearing and trial transcript shows that Ofc. Laureano did in fact testify exactly as defendant alleges. The trial transcript also shows that while the jury was deliberating, the prosecutor alerted the Court to the fact that the defendant's cell phone had been taken as evidence during the defendant's arrest, and was not given back to the defendant as Ofc. Laureano had testified. The prosecutor informed the Court that he knew this because in preparation for the trial, he had ordered all property seized as evidence by the Rochester Police Department, and the defendant's cell phone was among the property seized.

HOWARD-000904

10. In response to this information, this Court granted the defendant's motion to suppress the drugs found in defendant's car, and dismissed the counts of the indictment related to those drugs. This Court also denied the defendant's motion for a mistrial on the remaining count of Aggravated Unlicensed Operation of a Motor Vehicle.

11. While preparing the People's response to the defendant's appeal pending before the Appellate Division, additional information not contained in the record was discovered which related to the merits of defendant's claim. Specifically, it was discovered that the property in question, defendant's cell phone, had not only been delivered to the prosecutor before trial, as he informed the Court during jury deliberations, but also that he had the property in his possession the day before the suppression hearing at which Ofc. Laureano initially testified that he gave the phone back to the defendant (See Exhibit 1 [Chain of Custody Report]).

12. Based on the information contained in the record, and the additional information discovered during the appellate process, the People are constrained to concede.

13. It is axiomatic that the right to a fair trial is fundamental to the criminal justice system. It is equally inarguable that the right to confront and cross-examine witnesses is a crucial part of the right to a fair trial. The People concede that without the ability to confront Ofc. Laureano with proof that he had testified to something that had not happened, the defendant was deprived of the opportunity for a full and fair cross-examination. The People also concede that the defendant was deprived of that opportunity because of the failure of the prosecutor in this

HOWARD-000905

case to inform the defendant or the Court that the cell phone was in the People's possession.

14. Since the People have conceded that the allegations made by defendant are true, his motion should be granted without a hearing pursuant to CPL 440.30(3)(c), and the conviction should be vacated. Given that the defendant has served the entirety of his sentence, including the period of post-release supervision, and was discharged from parole on or about August 1, 2020, the People do not oppose defendant's request for dismissal of the remaining count of the indictment, in the interest of justice.

15. Accordingly, this Court should grant the defendant's motion to vacate judgment, pursuant to CPL 440.30(3)(c).

Affirmed under penalty of perjury pursuant to CPLR 2106 this 20th day of August, 2020.

                                                                      Scott Myles
                                                                      Assistant District Attorney

CC: Linda Campbell, esq.

HOWARD-000906

# Exhibit 1

HOWARD-000907

# Rochester Police Department
## Chain Of Custody Report

Department Case Number: 2015251798

### Case Items

==================================================

**Chain Of Custody History - Item: 201507180:005**

Date/Time: 08/10/2016  9:15     Officer: 2251 MCCORMICK, RAYMOND
Custody Information: To Court
Comments:

*[Signature]*
PAUL BOCCACINO

---

**Item Number:** 201507180:006
**Current Custody:** Destroyed
**Collection Date/Time:** 09/21/2015 - 21:14Hrs     Process:
**Collection Purpose:** Evidence
**Collected By:** 2231 - LAUREANO, JONATHAN
**Collection Location:** 661 BAY ST
**Packaging/Quantity/Item Type:** The following item was submitted: - 1 - ELECTRONIC EQUIP.
**Detail Description:** BLK/WHT "BLU" PHONE-EV
**Owner:** DARIUS HOWARD

**Item Notes:**

==================================================

**Chain Of Custody History - Item: 201507180:006**

Date/Time: 09/21/2015  21:14     Officer: 2231 LAUREANO, JONATHAN
Custody Information: Item Collected
Comments:

Date/Time: 09/22/2015  7:31     Officer: 2231 LAUREANO, JONATHAN
Custody Information: Item Submitted into Property - Temp Locker
Comments:

Date/Time: 09/22/2015  7:51     Officer: 2251 MCCORMICK, RAYMOND
Custody Information: Stored In Location - E-B-15-F-4-2
Comments:

Date/Time: 08/10/2016  9:15     Officer: 2251 MCCORMICK, RAYMOND
Custody Information: To Court
Comments:

*[Signature]*
PAUL BOCCACINO

Date/Time: 12/14/2018  16:03     Officer: 5996 MCNAMARA, GUY
Custody Information: Returned to Property Room
Comments:

*[Signature]*
Sam S

Date/Time: 12/14/2018  16:05     Officer: 5996 MCNAMARA, GUY
Custody Information: Stored In Location - Holding Area
Comments:

Date/Time: 12/16/2018  14:18     Officer: 2251 MCCORMICK, RAYMOND
Custody Information: Stored In Location - Safekeeping Property 8034-C
Comments:

Date/Time: 03/25/2019  19:49     Officer: 2251 MCCORMICK, RAYMOND
Custody Information: Destroyed
Comments:

HOWARD-000908