STATE OF NEW YORK
SUPREME COURT          COUNTY OF MONROE

COPY

THE PEOPLE OF THE STATE OF NEW YORK

-vs-                                              Decision and Order

DARIUS HOWARD,                                    Ind. No. 0154/2016
                Defendant.

APPEARANCES:

*For the People*:     Scott Myles, Esq.
                      Assistant District Attorney
                      47 South Fitzhugh Street, Suite 832
                      Rochester, New York

*For the Defendant*:  Linda M. Campbell, Esq.
                      University Building, Suite 827
                      120 East Washington Street
                      Syracuse, New York 13202

HON. ALEX, R. RENZI, J.

The defendant has moved pursuant to CPL § 440.10 seeking to vacate his judgment of conviction and sentence following jury trial on the grounds that his conviction for aggravated unlicenced operation in the first degree was obtained in violation of his federal and New York state constitutional rights. The defendant claims that the prosecutor failed to disclose certain Brady material which, if disclosed in a timely fashion, would have provided impeachment material in the defendant's cross examination of the prosecution's chief witness. The defendant claims that this material, if disclosed, would have substantially increased the likelihood of an acquittal.

The defendant's conviction stems from his arrest for aggravated unlicenced operation of a motor vehicle in the first degree, and criminal possession of a controlled substance in the third

degree. During a search of the defendant's car a quantity of cocaine was located. Situated near the drugs was the defendant's cell phone. Both the defendant's application and the People's response detail inconsistent testimony by the officer as to the seizure of the phone and whether the phone was returned to the defendant or was in fact turned into the Rochester Police Department property clerk. The officer testified at a suppression hearing and at trial that the phone was immediately returned to the defendant on the date of his arrest.

The facts are not in dispute. The phone was secured with the property clerk on the date of the defendant's arrest. The issue herein is whether the assistant district attorney was aware that the officer provided testimony at both a suppression hearing and at trial that did not comport with the facts. The assistant district attorney did advise the defendant and the Court, after jury deliberations had commenced, that he discovered that the telephone was in possession of the property clerk, and had not been returned to the defendant.[1]

Further revealed in this application however (and not challenged by the People) is evidence that the assistant district attorney was aware *prior to the suppression hearing* that the officer had not returned the phone to the defendant but had in fact placed the phone in the property clerk's office.[2] In this application the defendant submits that this fact, had it been disclosed to the defendant prior to trial, would have provided cross examination fodder by the defendant's attorney against the arresting officer. The defendant maintains that it cannot be said that had such impeachment been on display to the jury such would not have effected the jury's ultimate verdict.

---

[1] Upon this initial disclosure this Court dismissed the cocaine charge but permitted the jury to reach a verdict on the aggravated unlicenced operation count. The jury convicted the defendant of that count, and the Court sentenced the defendant to an indeterminate term with the New York State Department of Corrections.

[2] Property custody reports bear this out. It should also be noted that the assistant district attorney is no longer employed at that office.

2

HOWARD-000910

The Court agrees with the assessment by the defendant of the effect the failure to disclose this information may have had on the jury's verdict.

Based on the evidence as contained in the submissions by both parties, the Court finds that the defendant's conviction may have been obtained in violation of his federal and New York State constitutional rights.

Accordingly, the defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction and sentence, is granted.

This constitutes the Decision and Order of the Court.

Dated: September 14, 2020
Rochester, New York

HON. ALEX R. RENZI
Justice of the Supreme Court

3

HOWARD-000911