UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEVIN JOHNSON,

                Plaintiff,                **Case No.: 21-cv-6683(EAW)**

                v.

THE CITY OF ROCHESTER and ROCHESTER
POLICE OFFICER JONATHAN LAUREANO,

                Defendants.
_____

## <u>Defendant's Proposed Jury Instruction</u>

First Claim: False Arrest – 42 U.S.C. §1983 ................................................................ 1

Second Claim: Malicious Prosecution – State Law Claim ................................................ 9

Eighth Claim: Malicious Prosecution – 42 U.S.C. §1983................................................ 14

Ninth Claim: Denial of Right to a Fair Trial – 42 U.S.C. §1983...................................... 23

(These Proposed Charges are those that Judge Geraci gave in the Silvon Simmons v.

City of Rochester, et al case – 17-CV-6176 – last April, and are adapted to this case.)

## FIRST CLAIM

## FALSE ARREST

### 42 U.S.C. § 1983

In his first claim against Defendant Jonathan Laureano, Plaintiff alleges that on or about August 24, 2019, in the City of Rochester, within the Western District of New York, Defendant Jonathan Laureano violated his rights under the Fourth Amendment to United States Constitution by performing a traffic stop and arresting Plaintiff without probable cause to believe that he committed a traffic offense.

The law to be applied in this case is the federal civil rights law, which provides a remedy for individuals who have been deprived of their constitutional rights by a person acting under color of state law.

Section 1983 of Title 42 of the United States Code states:

"Every person who, under color of any statue, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suite in equity, or other proper proceeding for redress."

## Purpose of the Statute

Section 1983 creates a federal remedy for persons who have been deprived by state officials (or any person acting under color of state law) of rights, privileges, or immunities secured by the United States Constitution and federal statutes.

The Fourth Amendment to the United States Constitution, which prohibits unlawful seizures, protects people from arrest without probable cause.

**Dates**

Plaintiff Devin Johnson alleges that, on or about August 24, 2019 on Miller Street in the City of Rochester, Defendant Jonathan Laureano stopped his vehicle and arrested him without probable cause.

**Essential Elements of a Section 1983 Claim**

To establish a claim under Section 1983, Plaintiff Devin Johnson must establish, by a preponderance of the evidence, each of the following three elements:

First, that, on or about August 24, 2019, within the Western District of New York, Defendant Jonathan Laureano committed the act of stopping and arresting Plaintiff while acting under color of state law;

Second, that in arresting Plaintiff, Defendant Jonathan Laureano intentionally or recklessly deprived Plaintiff of a right secured by the Constitution of the United States, specifically his right against unreasonable seizure guaranteed by the Fourth Amendment, by arresting him without probable cause;

Third, that Defendant Jonathan Laureano's acts were the proximate cause of injuries sustained by Plaintiff.

I shall now examine each of the three elements in greater detail.

## FIRST ELEMENT

### Action Under Color of State Law

The first element of Plaintiff's claim is that Defendant Jonathan Laureano committed the conduct complained of while acting under color of state law.

Action "under color of state law" means that a defendant claims to be acting pursuant to authority given to him by the state, even if he is misusing that authority. The term "state" here also encompasses any political subdivision of a state, such as a county or city, and also any state, county, or city agencies.

### State Official Acting Under Color of State Law as a Matter of Law

Whether Defendant Jonathan Laureano committed the acts that Plaintiff alleges, specifically by unlawfully seizing Plaintiff, is a question of fact for you, the jury, to decide. Assuming that he did commit those acts, I instruct you that, because Defendant Jonathan Laureano purported to be taking those acts in his capacity as Rochester Police Department officers at the time of the acts in question, he was acting under color of state law.

## SECOND ELEMENT

### Deprivation of Right

The Fourth Amendment prohibits the police from carrying out unreasonable searches and seizures. An arrest is considered a "seizure" within

4

the meaning of the Fourth Amendment. Under the Fourth Amendment, an arrest may be made only when a police officer has probable cause to believe that the person arrested has engaged in criminal conduct. An arrest without probable cause is an unreasonable seizure.

In this case, Officer Laureano did not have an arrest warrant for Plaintiff. However, the law does not require an arrest warrant when, as in this case, the arrest takes place in a public place. Whether the arrest was lawful instead depends on whether the Officer had "probable cause" to believe that Plaintiff was committing or had committed an offense or a crime.

Probable cause exists when the facts and circumstances within the knowledge of the police officer at the time of the arrest were sufficient to warrant a person of reasonable prudence to believe that an offense or crime was being committed by the person arrested. This determination is made on the basis of the totality of the circumstances viewed from the perspective of a reasonable person on the scene at the time of the arrest. Probable cause is not proof beyond a reasonable doubt or proof sufficient to convict. Nor is it mere speculation or surmise.

In order for you to determine whether Defendant Jonathan Laureano had probable cause to stop and arrest Plaintiff for the charges against him, you must consider the elements of the offenses with which Plaintiff was charged with committing when he was arrested. A traffic stop may be effected for even a minor offense and provide probable cause for it and for driver's arrest. Under

New York Vehicle & Traffic Law §155, for purposes of an arrest without a warrant, pursuant to New York Criminal Procedure Law §140.10(1)(a), a traffic infraction is deemed an offense. Under that statute, a police officer may arrest a person for any offense when he has reasonable cause to believe that such person has committed that offense in his presence.

New York Vehicle & Traffic Law §1163, which governs turning movements and required signals, provides that a driver must use signals to indicate an intention to turn, changes lanes, or to start from a parked position. A traffic stop may be effected and the driver arrested for a violation of this statute. If an officer has probable cause to believe that an individual has committed even a very minor criminal offense, such as an un-signaled lane change in violation of this statute, the officer may, without violating the Fourth Amendment, arrest the offender.

* * *

Effect of Dismissal of Criminal Charges

That a charge was ultimately dismissed is not evidence that Defendant Jonathan Laureano lacked probable cause to stop and to arrest for that charge. The ultimate dismissal is not relevant on the issue of probable cause to arrest because whether Defendant Jonathan Laureano had probable cause to stop and to arrest Plaintiff must be determined on the basis of the facts and circumstances confronting him at the time of the stop and arrest.

**THIRD ELEMENT**

**Proximate Cause – General**

The third element that Plaintiff must prove is that Defendant Jonathan Laureano's acts were a proximate cause of the injuries he sustained. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of Defendant's acts.

**SUMMARY OF ELEMENTS**

Therefore, to prevail on his Fourth Amendment false arrest claim against Defendant Jonathan Laureano, Plaintiff must prove be a preponderance of the credible evidence each of these three elements:

First, that, on or about August 24, 2019, within the Western District of New York, Defendant Jonathan Laureano performed a traffic stop and arrested Plaintiff while acting under color of state law;

Second, that in arresting Plaintiff, Defendant Jonathan Laureano intentionally or recklessly deprived Plaintiff of a right secured by the Constitution of the United States, specifically his right against unreasonable seizure guaranteed by the Fourth Amendment, by stopping and arresting Plaintiff without probable cause on Miller Street in the City of Rochester;

Third, that Defendant Jonathan Laureano's acts were the proximate cause of the injuries Plaintiff sustained.

If Plaintiff proves all three of these elements by a preponderance of the credible evidence, you should find in favor of Plaintiff Devin Johnson on his false arrest claim against Defendant Jonathan Laureano.  If Plaintiff fails to prove one or more of these elements, then you must find in favor of Defendant Jonathan Laureano on this claim.

### SECOND CLAIM
### MALICIOUS PROSECUTION
### NEW YORK STATE LAW

As I have explained, Plaintiff has brought a federal-law claim for malicious prosecution under Section 1983. Plaintiff also brings a claim for malicious prosecution under New York State law. In his second claim, Plaintiff alleges that Defendant Jonathan Laureano maliciously prosecuted him when he brought the August 24, 2019 charge of resisting arrest, which led to criminal weapons charges being brought against him.

In order to find Defendant Jonathan Laureano liable for malicious prosecution under New York State law, Plaintiff must establish, by a preponderance of the evidence:

(1) That Defendant Jonathan Laureano initiated or continued a criminal proceeding against Plaintiff;

(2) That the criminal proceeding terminated in Plaintiff's favor;

(3) That there was no probable cause for initiating or continuing the criminal proceeding; and

(4) That Defendant Jonathan Laureano was motivated by actual malice in instituting or continuing the criminal proceeding.


### Initiated or Continued a Criminal Proceeding

With respect to the first requirement, you must determine whether Defendant Jonathan Laureano initiated or continued a criminal proceeding or caused such a proceeding to be initiated or continued against Plaintiff on or about August 24, 2019. To initiate a prosecution, a person must do more than report the crime or give testimony. He must play an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act, by, for example, filing the charges or providing information to prosecutors that is known to be false. Individuals other than the arresting officer or prosecuting official may be liable for malicious prosecution if they played an active role in the prosecution.

## Termination in Plaintiff's Favor

With respect to the second requirement, the criminal weapons charges against the Plaintiff (N.Y. Penal Law §§265.03(3) and 265.02(3)) were dismissed as the result of a pretrial hearing. I therefore instruct you that this element has been met.

## Absence of Probable Cause

With respect to the third requirement, you must determine whether, at the time Defendant Jonathan Laureano initiated the criminal proceeding, there was probable cause to believe that Plaintiff Devin Johnson had committed the traffic infraction and the offense of resisting arrest with which he was charged. The absence of probable cause is a necessary requirement for a claim of malicious prosecution, and,

conversely, the existence of probable cause for the crime charged precludes a claim for malicious prosecution.

Probable cause is such a state of facts as would lead a person of ordinary caution and prudence to believe that a person has committed the crime charged. In making that decision, you should consider what Defendant Jonathan Laureano knew. Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. Although the facts known to Defendant Jonathan Laureano are relevant to your inquiry, his intent or motive is not relevant to your inquiry into the existence of probable cause. Moreover, the fact that the charges against Plaintiff were later dismissed does not by itself mean that there was no probable cause at the time the prosecution was initiated or continued.

Probable cause must relate to the specific crime charged which initiated the criminal proceeding. It is undisputed that, on or about August 24, 2019, Plaintiff was charged with resisting arrest, which led to criminal weapons charges (N.Y. Penal Law §§265.03(3) and 265.02(3)).

### *The Criminal Court's Dismissal of Charges*

As I have explained, you must determine whether Defendant Jonathan Laureano commenced or continued the criminal proceeding against Plaintiff without probable cause. The absence of probable cause is a necessary requirement

for a claim of malicious prosecution, and, conversely, the existence of probable cause for the crime charged precludes a claim for malicious prosecution.

It is undisputed that the weapons charges against the Plaintiff were dismissed as the result of a pretrial hearing in the criminal proceeding. This determination is not binding on you and has no legal significance to your determination in this trial.

* * *

<u>Actual Malice</u>

With respect to the fourth requirement, actual malice, you must determine whether Defendant Jonathan Laureano commenced the criminal proceeding due to a wrong or improper motive; that is, something other than a desire to see the ends of justice served. Malice does not necessarily require that Defendant be angry or vindictive or bear any actual hostility or ill will toward Plaintiff. However, if the primary purpose of Defendant was to aid in the proper administration of criminal justice, the fact that he was moved to action by his indignation at what he believed to be the criminal conduct of Plaintiff does not negate the existence of a proper purpose. Indeed, if his purpose is otherwise proper, Defendant is not liable although it appears that they would not have brought the proceedings had the accused been his friend rather than a stranger or enemy. Furthermore, while a lack of probable

cause may create an inference of malice, the absence of probable cause does not compel the conclusion that Defendant acted with actual malice.

Therefore, if Plaintiff has established, by a preponderance of the evidence, that Defendant Jonathan Laureano initiated or continued the criminal proceedings against Plaintiff, that the criminal proceeding was terminated in Plaintiff's favor, that Defendant Jonathan Laureano did not have probable cause to initiate or continue the criminal proceeding, and that Defendant Jonathan Laureano was motivated by actual malice in instituting or continuing the criminal proceeding, you must find Defendant Jonathan Laureano liable for malicious prosecution under New York State law.

On the other hand, if you find that Plaintiff has failed to establish, by a preponderance of the evidence, that Defendant Jonathan Laureano initiated or continued the criminal proceedings against Plaintiff, that the criminal proceeding was terminated in Plaintiff's favor, that Defendant Jonathan Laureano did not have probable cause to initiate or continue the criminal proceeding, or that Defendant Jonathan Laureano was motivated by actual malice in instituting or continuing the criminal proceeding, you must find in favor of Defendant Jonathan Laureano.

# EIGHTH CLAIM
## MALICIOUS PROSECUTION
### 42 U.S.C. § 1983

In his eighth claim against Defendant Jonathan Laureano, Plaintiff alleges that, within the Western District of New York, Defendant Jonathan Laureano maliciously prosecuted him in violation of his rights under the Fourth Amendment to United States Constitution, when he brought the August 2019 charges of resisting arrest against him, which led to criminal weapons charges brought against him.

The law to be applied in this case is the federal civil rights law, which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

Section 1983 of Title 42 of the United States Code states:

"Every person who, under color of any statue, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any right, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

**Purpose of the Statute**

Section 1983 creates a federal remedy for persons who have been deprived by state officials (or any person acting under color of state law) of rights, privileges, and immunities secured by the United States Constitution and federal statutes.

The Fourth Amendment to the United States Constitution, which prohibits unreasonable seizures, protects people from unreasonable seizures pursuant to legal process - that is, the wrongful initiation of charges without probable cause.

**Dates**

Plaintiff Devin Johnson alleges that on or about August 24, 2019, in the City of Rochester, Defendant Jonathan Laureano maliciously prosecuted Plaintiff when he brought the August 24, 2019 charge of resisting arrest against him, which led to charges of criminal weapons possession being brought against him.

**Essential Elements of a Section 1983 Claim**

To establish a claim under Section 1983, Plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that, on or about August 24, 2019, within the Western District of New York, Defendant Jonathan Laureano maliciously prosecuted Plaintiff Devin Johnson while acting under color of state law;

Second, that in maliciously prosecuting Plaintiff Devin Johnson, Defendant Jonathan Laureano intentionally deprived Plaintiff of rights, privileges, or

immunities secured by the Constitution or laws of the United States, specifically his right against unreasonable seizure guaranteed by the Fourth Amendment.

Third, that Defendant Jonathan Laureano's acts were the proximate cause of injuries sustained by Plaintiff.

I shall now examine each of the three elements in greater detail.

## FIRST ELEMENT

## Action Under Color of State Law

The first element of Plaintiff's claim is that Defendant Jonathan Laureano committed the conduct complained of while acting under color of state law.

Action "under color of state law" means that Defendant Jonathan Laureano claims to be acting pursuant to authority given to him by the state, even if he is misusing that authority. The term "state" here also encompasses any political subdivision of a state, such as a county or city, and also any state, county, or city agencies.

### State Official Acting Under Color of State Law as a Matter of Law

Whether Defendant Jonathan Laureano committed the acts that Plaintiff alleges, specifically by maliciously prosecuting Plaintiff, is a question of fact for you, the jury, to decide. Assuming that Defendant did commit those acts, I instruct you that, because Defendant Jonathan Laureano purported to be taking those acts in

his capacity as a City of Rochester police officer at the time of the acts in question, he was acting under color of state law.

## SECOND ELEMENT

### Deprivation of Right

The second element of Plaintiff's claim is that Defendant Jonathan Laureano, in committing the acts complained of, intentionally or recklessly deprived Plaintiff or a federal right by maliciously prosecuting Plaintiff on or about August 24, 2019.

Every person has the constitutional right not to be subjected to unreasonable seizure pursuant to legal process by a law enforcement officer. An unreasonable seizure occurs when an individual is subjected to a malicious prosecution.

To establish that Defendant Jonathan Laureano maliciously prosecuted him in violation of his Fourth Amendment rights, Plaintiff Devin Johnson must prove, by a preponderance of the evidence, that:

First, Defendant Jonathan Laureano initiated or continued a criminal proceeding against Plaintiff.

Second, the criminal proceeding terminated in Plaintiff's favor;

Third, there was an absence of probable cause for the criminal proceeding against Plaintiff; and

Fourth, actual malice motivated the actions of Defendant Jonathan Laureano; and

Fifth, Plaintiff suffered a seizure of his personal liberty interests under the Fourth Amendment.

## Initiated or Continued a Criminal Proceeding

With respect to the first requirement, you must determine whether Defendant Jonathan Laureano initiated or continued a criminal proceeding, or caused such a proceeding to be initiated or continued against Plaintiff on or about August 24, 2019. To initiate a prosecution, a person must do more than report the crime or give testimony. He must play an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act, by, for example, filing the charges or providing information to prosecutors that is known to be false. Individuals other than the arresting officer or prosecuting official may be liable for malicious prosecution if they played an active role in the prosecution.

## Termination in Plaintiff's Favor

With respect to the second requirement, the criminal weapons charges against Plaintiff, (N.Y. Penal Law §§265.03(3) and 265.02(3)), were dismissed as the result of a pretrial hearing. I therefore instruct you that, as a matter of law, Plaintiff has established that the criminal proceeding terminated in his favor and I instruct you that this element has been met.

## Absence of Probable Cause

With respect to the third requirement, you must determine whether, at the time Defendant Jonathan Laureano the criminal proceeding was initiated, there was probable cause to believe that Plaintiff Devin Johnson had committed the traffic infraction and the offense of resisting arrest, with which he was charged. The absence of probable cause is a necessary requirement for a claim of malicious prosecution, and, conversely, the existence of probable cause for the crime charged precludes a claim for malicious prosecution.

Probable cause is such a state of facts as would lead a person of ordinary caution and prudence to believe that a person has committed the crimes charged. In making that decision, you should consider what Defendant Jonathan Laureano knew and the reasonably trustworthy information that he had received. Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendants' belief was probably right. Although the facts known to Defendant Jonathan Laureano are relevant to your inquiry, his intent or motive is not relevant to your inquiry into the existence of probable cause. Moreover, the fact that the charges against Plaintiff were later dismissed does not by itself mean that there was no probable cause at the time of the traffic stop or at the time the prosecution was initiated or continued.

Probable cause must relate to the specific crimes charged in the criminal proceeding. It is undisputed that, on August 24, 2019, Plaintiff was charged with resisting arrest, which led to charges of criminal weapons possession.

## The Criminal Court's Dismissal of Charges

As I have explained, you must determine whether Defendant Jonathan Laureano commenced or continued the criminal proceeding against Plaintiff without probable cause. The absence of probable cause is a necessary requirement for a claim of malicious prosecution, and, conversely, the existence of probable cause for the crime charged precludes a claim for malicious prosecution.

It is undisputed that the weapons charges against the Plaintiff were dismissed as the result of a pretrial hearing in the criminal proceeding. This determination is not binding on you and has no legal significance to your determination in this trial.

* * *

## Actual Malice

With respect to the fourth requirement, actual malice, you must determine whether Defendant Jonathan Laureano commenced the criminal proceeding due to a wrong or improper motive; that is, something other than a desire to see the ends of justice served. Malice does not necessarily require that a Defendant be angry or vindictive or bear any actual hostility or ill will toward Plaintiff. However, if the

primary purpose of a Defendant was to aid in the proper administration of criminal justice, the fact that he was moved to action by his indignation at what he believed to be the criminal conduct of Plaintiff does not negate the existence of a proper purpose. Indeed, if his purpose is otherwise proper, a Defendant is not liable although it appears that they would not have brought the proceedings had the accused been his friend rather than a stranger or enemy. Furthermore, while a lack of probable cause may create an inference of malice, the absence of probable cause does not compel the conclusion that a Defendant acted with actual malice.

<u>Seizure</u>

With respect to the fifth requirement, the parties do not dispute that Plaintiff Devin Johnson suffered a seizure of his personal liberty interests after his arraignment. Under the Fourth Amendment, a seizure is unlawful if it occurs without probable cause. Accordingly, if you find that the August 24, 2019 charges were brought without probable cause, I instruct you that you should find that the fifth requirement of a malicious prosecution claim under federal law is satisfied.

**THIRD ELEMENT**

**<u>Proximate Cause – General</u>**

The third element that Plaintiff must prove is that Defendant Jonathan Laureano's acts were a proximate cause of the injuries Plaintiff sustained. An act is a proximate cause of an injury if it was a substantial factor in bringing about that

injury, and if the injury was a reasonably foreseeable consequence of Defendant's actions.

## SUMMARY OF ELEMENTS

In sum, to prevail on his first cause of action, Plaintiff must show, by a preponderance of the evidence, that:

First, that, on or about August 24, 2019, within the Western District of New York, Defendant Jonathan Laureano, maliciously prosecuted Plaintiff Devin Johnson while acting under color of state law;

Second, that in maliciously prosecuting Plaintiff Devin Johnson, Defendant Jonathan Laureano deprived Plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States, specifically his right against unreasonable seizure guaranteed by the Fourth Amendment.

Third, that Defendant Jonathan Laureano's acts were the proximate cause of injuries sustained by Plaintiff.

If Plaintiff proves all three of these elements by a preponderance of the credible evidence, you should find in favor of Plaintiff Devin Johnson on his malicious prosecution claim against Defendant Jonathan Laureano. If Plaintiff fails to prove one or more of these elements, then you must find in favor of Defendant Jonathan Laureano.

## NINTH CLAIM
## DENIAL OF RIGHT TO A FAIR TRIAL

### 42 U.S.C. § 1983

In his fourth claim, Plaintiff alleges that Defendant Jonathan Laureano deprived him of this right to due process under the Fourteenth Amendment to the United States Constitution by denying him the right to a fair trial.

The law to be applied in this case is the federal civil rights law, which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

Section 1983 of Title 42 of the United States Code states:

"Every person who, under color of any statue, ordinance, regulations, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any right, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suite in equity, or other proper proceeding for redress."

## Purpose of the Statute

Section 1983 creates a federal remedy for persons who have been deprived by state officials (or any person acting under color of state law) of rights, privileges, and immunities secured by the United States Constitution and federal statutes.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects individuals against being subjected to criminal charges on the basis of deliberately fabricated evidence.

**Dates**

Plaintiff Devin Johnson alleges that on or about August 24, 2019 in the City of Rochester, Defendant Jonathan Laureano fabricated evidence of Plaintiff's alleged traffic infraction.

**Essential Elements of a Section 1983 Claim**

To establish a claim under Section 1983, Plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that, on or about August 24, 2019, within the Western District of New York, Defendant Jonathan Laureano fabricated evidence against Plaintiff Devin Johnson while acting under color of state law;

Second, that in deliberately fabricating evidence against Plaintiff Devin Johnson, Defendant Jonathan Laureano intentionally deprived Plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States, specifically his right to a fair trial under the Fourteenth Amendment to the United States Constitution.

Third, that Defendant Jonathan Laureano's acts were the proximate cause of injuries sustained by Plaintiff.

I shall now examine each of the three elements in greater detail.

## FIRST ELEMENT

## Action Under Color of State Law

The first element of Plaintiff's claim is that Defendant Jonathan Laureano committed the conduct complained of while acting under color of state law.

Action "under color of state law" means that Defendant Jonathan Laureano claims to be acting pursuant to authority given to him by the state, even if he is misusing that authority. The term "state" here also encompasses any political subdivision of a state, such as a county or city, and also any state, county, or city agencies.

## State Official Acting Under Color of State Law as a Matter of Law

Whether Defendant Jonathan Laureano committed the acts that Plaintiff alleges, specifically by deliberately fabricating evidence of Plaintiff's alleged traffic infraction, is a question of fact for you, the jury to decide. Assuming that Defendant did commit those acts, I instruct you that, because Defendant Jonathan Laureano purported to be taking those acts in his capacity as City of Rochester police officer at the time of the acts in question, he was acting under color of state law.

## SECOND ELEMENT

## Deprivation of Right

The second element of Plaintiff's claim is that Defendant Jonathan Laureano in committing the acts complained of, intentionally or recklessly

deprived Plaintiff of a federal right by deliberately fabricating evidence against him.

The United States Constitution protects against being subjected to criminal charges on the basis of deliberately fabricated false evidence. In order to establish that Defendant Jonathan Laureano violated this right, Plaintiff must establish, by a preponderance of the evidence that:

1) Defendant Jonathan Laureano fabricated evidence of Plaintiff's alleged traffic infraction;

2) This evidence was likely to influence the criminal jury's verdict;

3) Defendant Jonathan Laureano forwarded that information to the prosecutor in the criminal case; and

4) Plaintiff suffered a deprivation of liberty as a result.

The first element, that Defendant Jonathan Laureano fabricated evidence, can be satisfied by showing that Defendant Jonathan Laureano knowingly made a false statement or omission, or knowingly created other false information.

The second element, that the evidence was likely to influence the criminal jury's verdict, can be satisfied by showing that it was material to the prosecution's case—that is, that it may have affected the prosecution's decision to pursue charges or could have influenced the prosecutor's assessments of the strength of the case.

The third element, that Defendant Jonathan Laureano forwarded that information to the prosecutor can be satisfied by direct evidence that Defendant

26

Jonathan Laureano gave the evidence to the prosecutor or by other evidence from which you may infer that he forwarded the fabricated evidence to a prosecutor, such as the prosecutor using the evidence during a grand jury or other proceeding.

With respect to the fourth requirement, the parties do not dispute that Plaintiff Devin Johnson was detained during the pendency of his criminal proceedings.  Accordingly, if you find that Defendant Jonathan Laureano fabricated evidence that was likely to influence the criminal jury's verdict and that Defendant Jonathan Laureano forwarded that evidence to the prosecutor, I instruct you that you should find that the fourth requirement of Plaintiff's fair trial claim is satisfied.

<u>Probable Cause is Not a Defense</u>

Unlike Plaintiff's false arrest and malicious prosecution claims, probable cause is not a defense to Plaintiff's fair trial claim.

**THIRD ELEMENT**

**<u>Proximate Cause – General</u>**

The third element that Plaintiff must prove is that Defendant Jonathan Laureano's acts were a proximate cause of the injuries he sustained.  As act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of Defendant's acts.

## SUMMARY OF ELEMENTS

Therefore, to prevail on his Fourteenth Amendment fair trial claim against Defendant Jonathan Laureano, Plaintiff must prove by a preponderance of the credible evidence each of these three elements:

First, that, on or about August 24, 2019, within the Western District of New York, Defendant Jonathan Laureano fabricated evidence against Plaintiff while acting under color of state law;

Second, that Defendant Jonathan Laureano intentionally or recklessly deprived Plaintiff of a right secured by the Constitution of the United States, specifically his right to a fair trial as guaranteed by the Due Process Clause of the Fourteenth Amendment, by deliberately fabricating evidence against Plaintiff;

Third, that Defendant Jonathan Laureano's acts were the proximate cause of the injuries Plaintiff sustained.