UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DEVIN JOHNSON,

                    Plaintiff,

        v.

THE CITY OF ROCHESTER
and ROCHESTER POLICE OFFICER
JONATHAN LAUREANO,

                  Defendants.

_____

**ORDER**

6:21-CV-06683 EAW

Plaintiff Devin Johnson ("Plaintiff") filed a motion *in limine* on January 30, 2025 (Dkt. 60), defendants the City of Rochester and Rochester Police Officer Jonathan Laureano ("RPD Officer Laureano") (collectively "Defendants") filed a response in opposition on February 13, 2025 (Dkt. 63), and Plaintiff filed a reply on February 20, 2025 (Dkt. 69). Defendants also filed a motion *in limine* in late January 2025 (Dkt. 56; Dkt. 62), Plaintiff filed a response on February 13, 2025 (Dkt. 64), and Defendants filed a reply on February 27, 2025 (Dkt. 71). Oral argument was held before the undersigned on June 11, 2025, at which time the motions were resolved as set forth below.

Before discussing the undersigned's specific rulings, it is noted that "[a] district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*. . . . Indeed, '[t]he purpose of an in *limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument

- 1 -

at, or interruption of, the trial.'" *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citations omitted). But "[a] court should only exclude evidence on motions *in limine* if the evidence is clearly inadmissible on all potential grounds." *Garcia v. L. Offs. Howard Lee Schiff P.C.*, No. 3:16-CV-791 (VAB), 2019 WL 2076736, at *2 (D. Conn. May 10, 2019). As a result, the rulings set forth herein are preliminary in nature and "subject to change when the case unfolds." *Highland Cap. Mgmt., L.P.*, 551 F. Supp. 2d at 176; *see Horn v. Med. Marijuana, Inc.*, No. 15-CV-701-JWF, 2021 WL 1700257, at *1 (W.D.N.Y. Apr. 29, 2021) ("The parties have no inherent right to an *in limine* ruling and such rulings are viewed as a preliminary opinion given to allow the parties to formulate their trial strategy and allow the Court to manage the trial in the most efficient way possible. 'The trial court is not bound by an *in limine* ruling and can change its determination during the trial where sufficient facts have developed to warrant the change or even if nothing unexpected happens at trial.'" (citations omitted)).

With that said, the undersigned's rulings are set forth below.

## I.    <u>Plaintiff's Motion in Limine (Dkt. 60)</u>

A.    Motion to Exclude Evidence of Suspicious Activity: Plaintiff's motion to exclude evidence of prior suspicious activity is granted in part and denied in part. As the parties seemingly agreed during the oral argument on June 11, 2025: RPD Officer Laureano may testify that he received a call to follow a reportedly suspicious vehicle, and about his personal observations; RPD Officer Perelli may testify that he was generally involved in an investigation before RPD Officer Laureano became involved without discussing specific conduct; and RPD Officer Perelli may also testify about his personal

involvement after Plaintiff was apprehended.  If at trial Defendants seek to elicit testimony regarding specific suspicious activity before RPD Officer Laureano became involved, an application must be made outside the presence of the jury.

B.     Motion to Exclude Evidence of Handgun:  Plaintiff's motion to preclude references to the handgun or only refer to the handgun as "contraband" is denied without prejudice.  Plaintiff may file supplemental briefing in accordance with the briefing schedule to follow.

C.     Motion to Exclude Evidence of Plaintiff's Prior Criminal History: Plaintiff's motion to preclude evidence of his prior convictions is granted in part and denied in part.  As the parties largely agreed at oral argument, Defendants may introduce evidence of Plaintiff's parole status—namely that he was on parole at the time of the incident for felony-level offenses and subject to certain conditions of release.  If at trial Defendants seek to introduce any further evidence concerning Plaintiff's criminal history, including through impeachment or otherwise, an application must be made outside the presence of the jury.  In addition, Plaintiff may submit a request for a limiting instruction concerning his parole status.

## II.    Defendants' Motion in Limine (Dkt. 56; Dkt. 62)

A.     Motion to Dismiss Plaintiff's Seventh Cause of Action:  This aspect of Defendants' requested relief has been withdrawn.  Accordingly, Defendants' motion seeking to dismiss Plaintiff's seventh cause of action is denied as moot.

B.     Motion to Exclude Other Events or Incidents Involving RPD Officer Perelli:  Defendants seek to preclude cross-examination of non-defendant RPD Officer

Perelli related to an arrest on May 25, 2018, of then 16-year-old Yamiek Maddox.  The incident led to a disciplinary proceeding, a 4-day unpaid suspension, and a civil lawsuit.  Plaintiff contends he should be permitted to cross-examine RPD Officer Perelli on whether he falsely arrested Yamiek Maddox, because it goes to truthfulness.  Defendants' motion to preclude this evidence is denied without prejudice.  The parties may submit supplemental briefing on this motion in accordance with the briefing schedule to follow.  The Court will resolve any further briefing on this motion with the resolution of Plaintiff's pending motion *in limine* filed at Docket 72.

           C.       Motion to Exclude April 1, 2017, Incident Involving Defendant RPD Officer Laureano:  Defendants seek to preclude Plaintiff from cross-examining RPD Officer Laureano about an April 1, 2017, interaction with Nishean Napier.  Plaintiff contends this incident along with other incidents is evidence of RPD Officer Laureano's racial profiling and modus operandi.  The other incidents include the wrongful conviction of Darius Howard, another incident with Nishean Napier (March 15, 2018), and Judge Siragusa's suppression ruling in *United States v. Brookins*.  Plaintiff contends the evidence is admissible under both Rule 404(b) and Rule 608(b).  These incidents involve two separate incidents of judicial officers concluding that RPD Officer Laureano was not credible, according to Plaintiff.  Defendants' motion to preclude this evidence is denied without prejudice.  The parties may submit supplemental briefing on this motion in accordance with the briefing schedule to follow.  The Court will resolve any further briefing on this motion with the resolution of Plaintiff's pending motion *in limine* filed at Docket 72.

- 4 -

D.      Motion to Exclude Evidence of New York State Supreme Court Decision and Order on *Mapp* Hearing Held in Underlying Criminal Matter: Defendants seek to preclude any evidence of the decision after the *Mapp* hearing in New York State court suppressing evidence of the handgun. As the parties seemingly agreed at oral argument on June 11, 2025, evidence that the state criminal proceeding terminated in Plaintiff's favor is admissible. Further, Defendants' motion is granted to the extent that it seeks to preclude the admission of the Decision and Order into evidence, and denied to the extent that it seeks to preclude cross-examination on the conclusions contained in the Decision and Order related to RPD Officer Laureano's credibility. The parties may file supplemental briefing in accordance with the briefing schedule to follow further addressing the scope of admissibility concerning this evidence. The Court will resolve any further briefing on this motion with the resolution of Plaintiff's pending motion *in limine* filed at Docket 72.

E.      Motion to Preclude Evidence of the Darius Howard Criminal Proceeding and Federal Civil Lawsuit: Defendants seek to preclude any evidence related to the criminal proceeding and federal civil lawsuit filed by Darius Howard. RPD Officer Laureano arrested Darius Howard on September 21, 2015. The conviction was later vacated due to a *Brady* violation related to Mr. Howard's phone. Defendants' motion to exclude this evidence is denied without prejudice. The parties may submit supplemental briefing on this motion in accordance with the briefing schedule to follow. The Court will resolve any further briefing on this motion with the resolution of Plaintiff's pending motion *in limine* filed at Docket 72.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      June 16, 2025
              Rochester, New York