UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEVIN JOHNSON,

                              Plaintiff,

-against-

CITY OF ROCHESTER, et al.,

                             Defendants.

21-cv-6683 (EAW)(CDH)

**PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPRT OF HIS
SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
MOTION IN LIMINE TO EXCLUDE OR SANITIZE HANDGUN EVIDENCE**

ROTH & ROTH, LLP
Elliot D. Shields
*Attorneys for Plaintiff*
192 Lexington Avenue, Suite 802
New York, New York 10016
(212) 425-1020
eshields@rothandrothlaw.com

i

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................II

TABLE OF AUTHORITIES ........................................................................................................ III

INTRODUCTION .......................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.   Contraband Discovered After the Stop Is Irrelevant to Probable Cause ............................ 2

    II.  Probable Cause to Prosecute Is "Intertwined" with the Stop's Legality ............................ 4

    III. The Handgun's Prejudicial Effect Far Outweighs Any Minimal Probative Value ............. 6

        A. The Handgun Evidence Directly Contradicts Federal Rule of Evidence 404(b) ............ 7

    IV. Defendants' Artificial Distinction Between Charges Filed and Charges Prosecuted Lacks Merit .................................................................................................................................. 8

CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**CASES**

*Belton* v. *Wydra*, 2019 WL 2162718 ............................................................................. 4, 6
*Boyd* v. *City of New York*, 336 F.3d 72, (2d Cir. 2003) ............................................ passim
*Dallas* v. *Goldberg* 143 F. Supp. 2d 312, (S.D.N.Y. 2001) ........................................ 9, 10
*Delanuez* v. *City of Yonkers*, No. 20 Civ. 4476 (PED), 2022 WL 16540682, (S.D.N.Y. Oct. 28, 2022) ............................................................................................................. 3, 6
*Gannon* v. *City of New York*, 917 F. Supp. 2d 241, (S.D.N.Y. 2013) .......................... 4, 6
*Genovese* v. *County of Suffolk*, 2015 WL 5210550 [E.D.N.Y. 2015] ......................... 4, 5
*Harper* v. *Town of Newburgh*, No. 18 Civ. 2647 (PED), 2020 WL 1140858, (S.D.N.Y. Mar. 6, 2020) ............................................................................................................. 3, 5
*Johnson* v. *City of Rochester*, 2023 WL 8237560, (W.D.N.Y. Nov. 28, 2023) ....................... passim
*Manganiello* v. *City of New York*, 612 F.3d 149, (2d Cir. 2010) .................................... 11
*Mazyck* v. *Johnson*, No. 08CV548, 2009 WL 2707360, (E.D.N.Y. Aug. 25, 2009) ................... 4, 6
*Old Chief* v. *United States* 519 U.S. 172, (1997) .............................................................. 9
*Penree* v. *City of Utica*, No. 6:13CV1323, 2016 WL 915252, (N.D.N.Y. Mar. 4, 2016)*, aff'd in part,* 694 F. App'x 30 (2d Cir. 2017) ............................................................... 3, 5, 7
*Posr* v. *Court Officer Shield No. 207*, 180 F.3d 409, (2d Cir. 1999) .............................. 7
*Posr* v. *Doherty*, 944 F.2d 91, (2d Cir. 1991) ............................................................... 4, 5
*Sakoc* v. *Carlson* 2014 WL 12717389, (D. Vt. Aug. 26, 2014) .................................. 9, 10
*Singer* v. *Fulton County Sheriff*, 63 F.3d 110, (2d Cir. 1995) ....................................... 12
*Tillman* v. *Walsh*, No. 23cv6439FPG, 2025 WL 949073 (W.D.N.Y. Mar. 27, 2025) ................. 3, 5
*Vasquez* v. *Reilly*, No. 15CV9528 (KMK), 2017 WL 946306, (S.D.N.Y. Mar. 9, 2017) ............ 4, 6

**STATUTES**

Federal Rule of Evidence 401 ................................................................................. 1, 7, 10
Federal Rule of Evidence 403 ............................................................................. 1, 6, 7, 10
Federal Rule of Evidence 404(b) ........................................................................ 2, 7, 8, 10

**INTRODUCTION**

Defendants' opposition ignores Judge Larimer's dispositive finding that "the focus is not on whether there was probable cause to arrest plaintiff for unlawfully possessing a weapon … [t]he question … is whether the stop itself was justified." *Johnson* v. *City of Rochester*, 2023 WL 8237560, at *7 (W.D.N.Y. Nov. 28, 2023) (citation omitted). He further held that probable cause to arrest and prosecution are "intertwined … because they both stem from [the] initial stop." *Johnson* v. *City of Rochester*, No. 21-CV-6683-DGL, 2023 WL 8237560, at *11 (W.D.N.Y. Nov. 28, 2023). Those rulings foreclose any reliance on the handgun—discovered only after the stop—to establish probable cause to believe a prosecution could succeed.

Defendants' opposition (Dkt. 88) offers no response to this controlling precedent. They do not address Judge Larimer's holdings. They do not grapple with *Boyd* v. *City of New York*, 336 F.3d 72, 76–77 (2d Cir. 2003), which establishes that suppressed evidence cannot provide probable cause to believe a prosecution could succeed. They also ignore the nine district court decisions applying *Boyd* to exclude post-stop contraband in nearly identical circumstances. Instead, defendants misstate the record, misconstrue Judge Larimer's decision as somehow permitting the jury to consider inadmissible evidence, and rely on inapposite authority that assumes lawfully obtained evidence—an assumption that cannot be made here.

Plaintiff's motion demonstrated three independent grounds for exclusion. First, the handgun is irrelevant under Federal Rule of Evidence 401 because probable cause is judged by facts known at the time of the stop, not by what is discovered afterward. Second, even if marginally relevant, the firearm's prejudicial effect—inviting the jury to engage in precisely the sort of retroactive justification *Boyd* condemns—substantially outweighs any probative value under Federal Rule of Evidence 403. Third, introducing the handgun to justify the stop and prosecution

1

violates Federal Rule of Evidence 404(b)'s prohibition on propensity evidence. Defendants' opposition fails to meaningfully engage with any of these arguments or the controlling authority supporting them. This reply corrects those errors and reaffirms why the handgun evidence must be excluded or strictly sanitized.

## ARGUMENT

### I. Contraband Discovered After the Stop Is Irrelevant to Probable Cause

Defendants' opposition fails to confront the fundamental rule that probable cause is judged by the facts known to the officer at the time of the seizure—not by what is discovered afterward. They do not dispute that the handgun was found only after the unlawful stop, yet they insist that it remains central to the malicious-prosecution claim merely because the charges were weapons-related. In doing so, they ignore Judge Larimer's holding that "the focus is not on whether there was probable cause to arrest plaintiff for unlawfully possessing a weapon … [t]he question … is whether the stop itself was justified." *Johnson* v. *City of Rochester*, 2023 WL 8237560, at *14-15 (W.D.N.Y. Nov. 28, 2023) (citation omitted).

Here, probable cause to believe the prosecution could succeed on the weapons charge depends solely on the validity of the initial stop. If probable cause for the initial stop was lacking, then there was no basis to believe the prosecution could succeed because the unlawfully seized weapon would be inadmissible. Thus, the defendants' argument is legally baseless and directly contradicts binding precedent.

Plaintiff's motion demonstrated that under *Boyd* v. *City of New York*, and its progeny, probable cause to prosecute means probable cause to believe the prosecution could succeed. Where the only evidence supporting a charge "would clearly not be admissible," probable cause is absent as a matter of law. 336 F.3d at 76–77. Defendants do not even attempt to distinguish the cases

2

Plaintiff cited in his underlying motion: *Boyd* and subsequent cases—*Tillman* v. *Walsh,* No. 23cv6439FPG, 2025 WL 949073, at *9–10, *Penree* v. *City of Utica,* No. 6:13CV1323, 2016 WL 915252, at *18–19 (N.D.N.Y. Mar. 4, 2016)*, aff'd in part,* 694 F. App'x 30 (2d Cir. 2017), *Harper* v. *Town of Newburgh,* No. 18 Civ. 2647 (PED), 2020 WL 1140858, at *16–17 (S.D.N.Y. Mar. 6, 2020), *Delanuez* v. *City of Yonkers,* No. 20 Civ. 4476 (PED), 2022 WL 16540682, at *8 (S.D.N.Y. Oct. 28, 2022), *Belton* v. *Wydra,* 2019 WL 2162718, at *8–10, *Mazyck* v. *Johnson,* No. 08CV548, 2009 WL 2707360, at *4–5 (E.D.N.Y. Aug. 25, 2009), *Gannon* v. *City of New York,* 917 F. Supp. 2d 241, 244–45 (S.D.N.Y. 2013), and *Vasquez* v. *Reilly,* No. 15CV9528 (KMK), 2017 WL 946306, at *8–10 (S.D.N.Y. Mar. 9, 2017)—all hold that contraband uncovered after an unlawful stop or search cannot provide probable cause.

Defendants' brief fails to grapple with any of these authorities. Instead, it selectively cites *Posr* v. *Doherty,* 944 F.2d 91, 100 (2d Cir. 1991) and *Genovese* v. *County of Suffolk,* 2015 WL 5210550 [E.D.N.Y. 2015] for the unremarkable proposition that probable cause must relate to the charged crime. While this generic observation holds true, it does not counter the fact that probable cause cannot be supplied retroactively by the forbidden fruits of an unjustified search and seizure. Furthermore, probable cause for a weapons charge is, as Judge Larimer ruled, "intertwined" with the probable cause relating to the seizure. If there was not probable cause for the seizure, then probable cause for the prosecution is rendered moot. Defendants concede that the stop's legality depends on facts known at the time, but simultaneously contend that the handgun is nevertheless central to the malicious-prosecution claim because the charges were weapons-related. This argument ignores the basic rule that suppressed evidence is irrelevant to probable cause. As the Second Circuit explained in *Boyd*, probable cause in the malicious prosecution context means probable cause to believe the prosecution could succeed, and where the prosecution is based on

3

evidence that "would clearly not be admissible," probable cause is absent. 336 F.3d at 76–77. Numerous courts have applied this rule to exclude contraband discovered after an unlawful stop or search. Indeed, *Posr* and *Genovese* do not hold that suppressed evidence can establish probable cause. To the contrary, both assume the evidence in question was lawfully obtained. The same assumption cannot be made here. Defendants' blatant omission of *Boyd* and their failure to address its progeny underscore the weakness of their position.

Even in *Tillman* v. *Walsh*, Judge Geraci denied qualified immunity on a malicious prosecution claim where officers found a gun and drugs only after an unlawful stop, holding that there was no probable cause to believe the prosecution could succeed. In *Penree* v. *City of Utica*, the court held that when an entry is unlawful, evidence seized is inadmissible and cannot supply probable cause to prosecute. In *Harper* v. *Town of Newburgh* and *Delanuez* v. *City of Yonkers*, courts denied summary judgment because contraband discovered after disputed stops would be suppressed, leaving no probable cause to believe a prosecution could succeed. *Belton* v. *Wydra*, *Mazyck* v. *Johnson*, *Gannon* v. *City of New York,* and *Vasquez* v. *Reilly* similarly hold that suppressed evidence cannot provide probable cause to prosecute. Defendants fail to address these authorities and also offer no authority of their own permitting a jury to consider contraband that a judge has already ruled inadmissible, and their motion must be denied.

**II.     Probable Cause to Prosecute Is "Intertwined" with the Stop's Legality**

Defendants misread Judge Larimer's summary judgment ruling. They claim it recognizes distinct probable cause analyses for the stop and prosecution, leaving room for handgun evidence. But Judge Larimer held the opposite: probable cause to arrest and probable cause to prosecute are "intertwined" and both depend on whether the stop was lawful. *Johnson* v. *City of Rochester*, 2023 WL 8237560, at *11 (W.D.N.Y. 2023). The Court explained that "the focus is not on whether there

4

was probable cause to arrest plaintiff for unlawfully possessing a weapon … [t]he question … is whether the stop itself was justified." *Id*. at *7 (citation omitted).

This holding reflects basic Fourth Amendment principles. When a prosecution depends entirely on evidence obtained through a seizure, the legality of that seizure is a prerequisite for the prosecution's viability. Probable cause to prosecute means probable cause to believe the prosecution could succeed. *Boyd* v. *City of New York*, 336 F.3d 72, 76 (2d Cir. 2003). If the stop was unlawful, the handgun would be suppressed, and the weapons prosecution—which depends entirely on that evidence—could not succeed. Defendants concede as much: they acknowledge the handgun is central to the weapons charge and that without it, there is no case. Dkt. 88 at 3. The only disputed issue is whether the handgun was lawfully obtained.

Defendants' citation to *Posr* v. *Court Officer Shield No. 207*, 180 F.3d 409, 417 (2d Cir. 1999), and *Penree* v. *City of Utica*, 2016 WL 915252, at *18 (N.D.N.Y. 2016), supports Plaintiff's position. Those cases hold that probable cause in a malicious prosecution claim must relate to the specific crime charged. Here, the charged crime was weapons possession. Probable cause to believe that prosecution could succeed requires probable cause to believe the weapon would be admissible at trial. Where the weapon was discovered only through an allegedly unlawful stop, its admissibility is contingent on the stop's validity. Thus, as Judge Larimer held, probable cause to prosecute is "intertwined" with—and entirely dependent upon—probable cause for the stop.

Defendants ignore this holding and invite the jury to consider the handgun notwithstanding that its admissibility depends entirely on the stop's legality. This improperly asks the jury to engage in retroactive justification—exactly what *Boyd* forbids. The law-of-the-case doctrine forecloses this maneuver; defendants' attempt to reframe the gun as "essential" to their defense contradicts Judge Larimer's express findings and should be rejected.

5

### III. The Handgun's Prejudicial Effect Far Outweighs Any Minimal Probative Value

Even assuming arguendo that the handgun has some relevance, its probative value is substantially outweighed by the danger of unfair prejudice. Firearms carry significant emotional weight; jurors may assume that plaintiff is dangerous or guilty simply because a gun was found in his car. The introduction of the handgun evidence carries overwhelming prejudice and virtually no probative value. Mentioning a firearm—especially in a case where it was discovered only after an unlawful stop—invites the jury to commit a fundamental legal and logical error: to assume that because contraband was found, the stop must have been lawful. This is precisely the kind of retroactive justification that *Boyd* and its progeny reject. Federal Rule of Evidence 403 demands exclusion whenever the danger of unfair prejudice substantially outweighs any probative value. Here, that balance is heavily skewed.

Defendants argue that the handgun is central to their malicious prosecution defense in order to show that their prosecution of Plaintiff was justified. Yet that admission only underscores the problem—the handgun is the fruit of an unlawful search, evidence that could never have been introduced in the underlying criminal case. Its probative value is therefore nonexistent. Allowing the jury to hear about the gun would mislead them into believing that the discovery of contraband somehow validates the seizure, when in fact the law forbids precisely that fallacious reasoning. The prejudice is compounded by the emotional reaction jurors naturally have to firearms, which would unfairly bias their perception of Mr. Johnson and distract from the actual legal questions. Therefore, the handgun evidence is not just irrelevant; it is affirmatively misleading and unduly prejudicial.

Indeed, the Supreme Court in *Old Chief* v. *United States* 519 U.S. 172, 183–85 (1997) instructed courts to exclude evidence when less prejudicial alternatives exist and to require stipulations or neutral descriptions. Cases like *Dallas* v. *Goldberg 143 F. Supp. 2d 312, 318-19 (S.D.N.Y. 2001)* and *Sakoc* v. *Carlson 2014 WL 12717389, at *4–5 (D. Vt. Aug. 26, 2014)* have excluded post-arrest contraband because such evidence has no bearing on probable cause and poses a high risk of prejudice. Instead, they rely on the gun to justify introducing a highly prejudicial narrative. Defendants also do not contest that the suppressed gun has no bearing on punitive damages. Defendants ignore these cases and Plaintiff's arguments and ask for wholesale admission of the gun, including its description as "stolen." Their approach would mislead the jury, dangerously prejudice Plaintiff Johnson, and contravene Federal Rule of Evidence 401 and 403.

### A. The Handgun Evidence Directly Contradicts Federal Rule of Evidence 404(b)

Defendants entirely ignore Plaintiff's argument that any reference to the handgun would independently violate Federal Rule of Evidence 404(b). Plaintiff's motion cited *Dallas* v. *Goldberg*, 143 F. Supp. 2d 312 (S.D.N.Y. 2001), where the court rejected an almost identical attempt to admit post-arrest contraband under Rule 404(b). The court held that using subsequently discovered evidence to justify an arrest "stands Rule 404(b) on its head," because probable cause must be based on facts known at the time of arrest, not on evidence uncovered afterward. Similarly, in *Sakoc* v. *Carlson*, 2014 WL 12717389 (D. Vt. Aug. 26, 2014), the court excluded post-arrest evidence as irrelevant to probable cause and improper under Rule 404(b). These decisions make clear that defendants cannot use the handgun—discovered only after an unlawful stop—as "absence of mistake" or "proof of intent."

Defendants' opposition offers no response to this controlling authority and no analysis under Rule 404(b). They do not attempt to explain how suppressed evidence could serve any permissible non-propensity purpose or how its admission could be reconciled with *Dallas* and *Sakoc*. Defendants have abandoned the issue and effectively concede that introduction of the handgun would invite the jury to draw precisely the type of propensity inference Rule 404(b) forbids—that because a gun was found, Plaintiff must have been engaged in criminal conduct.

Thus, Plaintiff proposes a simple alternative that addresses any minimal relevance: if any reference to the gun is allowed, the parties should strictly refer to it neutrally as "contraband" or "an item" and the Court should instruct the jury that it may not consider that item in determining whether the stop was lawful or whether the prosecution could succeed. Defendants' refusal to entertain or even address this compromise underscores their intent to unfairly prejudice the jury rather than present relevant admissible facts.

### IV. Defendants' Artificial Distinction Between Charges Filed and Charges Prosecuted Lacks Merit

Defendants attempt to create a meaningful distinction between the charges Officer Laureano initially filed (traffic violation and resisting arrest) and the charges on which Mr. Johnson was ultimately indicted and prosecuted (weapons offenses). Dkt. 88 at 1. This distinction is legally irrelevant, contradicts Judge Larimer's findings, and ignores the elements of malicious prosecution.

Judge Larimer squarely rejected this very distinction. He acknowledged that "probable cause to arrest and probable cause to prosecute are not identical," but held that in this case they "are intertwined … because they both stem from Laureano's initial stop of plaintiff's vehicle, and his purported basis for the stop." *Johnson* v. *City of Rochester*, 2023 WL 8237560, at *11 (W.D.N.Y. 2023). The court further held that "it matters little whether the pistol was found by

8

Laureano or some other officer; either way, the weapon was found as a consequence of Laureano's allegedly unlawful arrest." *Id*. Judge Larimer denied summary judgment precisely because there were disputed factual issues regarding Officer Laureano's involvement in Mr. Johnson's criminal prosecution, including regarding his testimony before the Grand Jury and at the Mapp hearing about the circumstances leading up to the traffic stop. *Id*. at *8–11.

This holding forecloses defendants' argument in three ways. First, Officer Laureano's participation in the prosecution extended far beyond the initial charges he filed**.** A malicious prosecution claim arises when a defendant causes a plaintiff to be prosecuted without probable cause. *Manganiello* v. *City of New York*, 612 F.3d 149, 161 (2d Cir. 2010). Judge Larimer found that a jury could conclude Laureano "played an active role in the prosecution" by testifying at the Mapp hearing and before the grand jury. *Johnson*, 2023 WL 8237560, at *10. That testimony provided the foundational justification for admitting the gun into evidence and sustaining the prosecution. This accords with Second Circuit precedent: an officer can be liable for malicious prosecution even when a prosecutor makes the ultimate charging decision if the officer "played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Singer* v. *Fulton County Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995).

Second, defendants' position would create an absurd loophole. Under their theory, an officer could violate someone's constitutional rights, discover contraband through that violation, provide testimony supporting prosecution of that contraband, yet escape liability simply because the District Attorney or grand jury formally brought the charges. Judge Larimer rejected this formalism, holding that the chain of causation is not broken simply because another officer found the weapon, or a prosecutor signed the indictment. *Johnson*, 2023 WL 8237560, at *9-10. The court emphasized that if the jury credits Plaintiff's version of events, it could infer Laureano

9

"knowingly gave false testimony in an attempt to mislead the trial court and defeat the motion to suppress." *Id*. at 10.

Third, this distinction misses the fundamental point. Whether Officer Laureano filed the weapons charges himself or testified to support them, the legal question remains: was there probable cause to believe the prosecution could succeed? If the gun was discovered through an unlawful stop, the answer is no—regardless of who signed the charging documents. As Judge Larimer held, probable cause to arrest and probable cause to prosecute "are intertwined … because they both stem from Laureano's initial stop." *Id*. at *11. If that stop lacked probable cause, there is no probable cause to believe the weapons prosecution could succeed, because the gun would be suppressed. Defendants' attempt to subdivide Officer Laureano's role into "charges he filed" versus "prosecution he supported" is a distinction without a legal difference.

## CONCLUSION

Defendants' opposition to plaintiff's motion in limine (Dkt. 88) fails to engage with the controlling case law, misreads Judge Larimer's summary-judgment ruling, and ignores Plaintiff's evidentiary arguments. Ultimately, contraband discovered after the stop is irrelevant to probable cause for arrest or prosecution when the stop itself is unlawful. Numerous courts applying *Boyd* have maintained this very position. The law-of-the-case doctrine dictates that the jury's focus must remain on the lawfulness of the stop, not on suppressed emotionally charged evidence. Admitting the evidence of the handgun would distract the jury from evaluating the central issue at hand: the lawfulness of the stop. Thus, the potential for unfair prejudice from disclosing the handgun far outweighs any minimal probative value, and Federal Rule of Evidence 401, 403, and 404(b) require exclusion or, at minimum, neutral terminology, and a limiting instruction. Plaintiff

respectfully requests that the Court grant the underlying motion to exclude or sanitize the handgun evidence.

Dated: New York, New York        Respectfully Submitted,
       October 27, 2025        ROTH & ROTH LLP

                              By: _____~//s//~_____
                                 Elliot Dolby Shields, Esq.
                                 *Counsel for Plaintiff*
                                 192 Lexington Ave, Suite 802
                                 New York, New York 10016
                                 Ph: (212) 425-1020

To:    All counsel of record (via ECF)