UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEVIN JOHNSON,<br><br>                                    Plaintiff,<br>        -against-<br><br>CITY OF ROCHESTER, et al.,<br>                                  Defendants. | **DECLARATION OF ELLIOT SHIELDS**<br><br>**21-cv-6683 (EAW)(CDH)** |

ELLIOT D. SHIELDS, hereby declares under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am associated with Roth & Roth, LLP, where I represent plaintiffs in personal injury and civil rights lawsuits.

2. We are counsel for the Plaintiff and as such I am fully familiar with the facts and circumstances of this action.

3. After filing Plaintiff's supplemental brief at Docket 84, it came to my attention that three case citations in that brief were incorrect. Opposing counsel, Mr. Noone, informed me of the errors after he filed Defendants' opposition. I promptly sent Mr. Noone the corrected citations and copies of the correct decisions.

4. The specific corrections are:

a. The citation on page 13 and 18 to *United States v. Malka*, 2022 WL 16855230 (S.D.N.Y. Nov. 10, 2022) should be corrected to: *United States v. Malka*, 623 F. Supp. 3d 306, 327 (S.D.N.Y. Aug. 25, 2022) (admitting later acts in the government's case-in-chief where the defendant "followed a substantially identical play book" and the conduct was substantially probative of intent, knowledge, and plan).

b. The citation on page 9 to *United States v. Garnes*, 354 F. App'x 557 (2d Cir. 2009) should be corrected to: *United States v. Garnes*, 102 F.4th 628, 641–42 (2d Cir. 2024) (reversible error to exclude defendant's exaggerated statements about his criminal history in the government's case-in-chief to prove intent and knowledge where such statements "may ultimately be a crucial factor for the jury in considering whether Garnes had the requisite mental state to be convicted of the charged crimes").

c. The citation on page 13 to *United States v. Clanton*, 515 F. Supp. 2d 693 (W.D.N.Y. 2021) should be corrected to: *United States v. Clanton*, 758 F. Supp. 3d 93, 104–06 (E.D.N.Y. 2024) (admitting Instagram messages referencing an uncharged Jan. 20, 2023 attempted home invasion under Rule 404(b) to prove knowledge and intent and the existence and development of a plan between alleged co-conspirators; Rule 403 not a bar; limiting instruction available).

5. These errors resulted from a breakdown in my normal final citation-verification process.

6. I have implemented additional pre-filing checks at my firm to ensure all citations are verified for accuracy before filing, including: a second-review checklist for reporter cites and pin cites; cross-checking WL and reporter versions; and a final Shepardize/KeyCite pass limited to citation details by myself and my paralegal.

7. I respectfully ask the Court to deem the above corrections made and consider the corrected authorities in resolving the issues presented.

Dated: New York, New York        Respectfully Submitted,
       October 27, 2025            ROTH & ROTH LLP

                           By:      ~/s/~
                                  Elliot Dolby Shields, Esq.
                                  *Counsel for Plaintiff*
                                  192 Lexington Ave, Suite 802 New York, New York 10016
                                  Ph: (212) 425-1020

To:     All parties (via ECF)