UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEVIN JOHNSON,

        Plaintiff,

Case No.: 21-cv-6683(EAW)

v.

THE CITY OF ROCHESTER and ROCHESTER
POLICE OFFICER JONATHAN LAUREANO,

        Defendants.

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

The Defendants, the City of Rochester and Rochester Police Officer, Jonathan Laureano, object to the following Jury Instructions proposed by the Plaintiff:

**REQEUST NO. 1: "NATURE OF THE CASE AND BURDEN OF PROOF"**

**OBJECTION:** The Defendants object to this Request, first, because this Court has indicated that it will give its own Charges on the burden of proof, as well as what the preponderance of the evidence standard is. Plaintiff's proposed Request merges both, is redundant of what this Court will give and is unnecessary. The Defendants also object to the second paragraph of this Request concerning what is purported to be Defendants' burden of proof. It is apparently not derived from any standard Instruction, it is unbalanced and one-sided in that it is the only paragraph that concerns a specific issue in the case and it is thus argumentative.

**REQUEST NO. 2: "TYPES OF EVIDENCE"**

**OBJECTION:** The Defendants object to this Request because this Court has indicated that it will give a Charge on direct and circumstantial evidence, making this Request redundant and unnecessary.

**REQUEST NO. 3: "SEPARATE CLAIMS, SEPARATE CONSIDERATIONS"**

**OBJECTION:** The Defendants object to this Request because it does not appear to be based on any common Jury Charge or Instruction and appears unnecessary and redundant of the specific Charges relating to each of Plaintiff's claims, which survived summary judgment. It is also a bit misleading in that if Officer Laureano is not found directly liable of any of the claims, the *respondeat superior* claim against the City will not lie. It is respectfully submitted that the more specific charges regarding each claim, as proposed by the Defendants, are the more appropriate ones to give.

**REQUEST NO. 4: "WHAT IS NOT EVIDENCE"**

**OBJECTION:** This Court has advised that they will give charges on what is and is not evidence. So, this proposed Request is unnecessary.

**REQEUST NO. 5: "NUMBER OF WITNESSES"**

**OBJECTION:** The Defendants object to this Request because it appears redundant of one or more of the Charges this Court advised that it will give.

**REQUEST NO. 6: "WITNESS CREDIBILITY"**

**OBJECTION:** The Defendants object to this Request because it is redundant of one or more of the Charges this Court advised it will give.

**REQUEST NO. 7: "CREDIBILITY OF POLICE OFFICERS"**

**OBJECTION:** The Defendants object to this Request because it appears unnecessary and redundant of some of the *voir dire* which is intended to reveal potential

bias for or against Police Officers. They further object because this Request appears biased and argumentative. It is respectfully requested that a more appropriate Charge should read:

> "In this case, a number of law enforcement officers have testified. You should use the same tests in evaluating their testimony as you would use in evaluating the testimony of any other witnesses. In other words, the mere fact that a witness is a law enforcement officer does not require that their testimony be given any greater or lesser credibility than that of any other witness."

This is the Charge Judge Geraci gave in the Silvon Simmons case.

**REQEUST NO. 8: "INTRODUCTION AND OVERVIEW OF CLAIMS"**

**OBJECTION:** The Defendants object to this Request because it is redundant of the Proposed Instructions regarding each specific claim that survived summary judgment. Further, it is one-sided and biased and more in the nature of argument or an Opening or Closing Statement.

**REQUEST NO. 9: "THE TRAFFIC STOP, CONTRABAND AND JUDGE SCHIANO'S SUPPRESSION RULING"**

**OBJECTION:** The Defendants object to this Request because it is contrary to this Court's decision on the motions *in limine* heard on December 18, 2025.

**REQUEST NO. 10: "PROBABLE CAUSE AND THE LAWFULNESS OF THE STOP"**

**OBJECTION:** The Defendants object to this Request because it is one-sided and biased, not fact-neutral, it is more in the nature of argument or an Opening or Closing Statement. Also, it unnecessarily and improperly merges the false arrest and

3

malicious prosecution claims in paragraphs 3 and 4. Further, paragraphs 5 and 6 refer to "lack[ing] a valid basis," rather than the absence of probable cause. Probable cause specific to the false arrest and malicious prosecution claims are defined in the Defendants' proposed Instructions, which are the ones Judge Geraci gave in the Silvon Simmons v City of Rochester, et al case. It is respectfully requested that those be given.

**REQEUST NO. 11: "CLAIM 1—FALSE ARREST"**

**OBJECTION:** The Defendants object to this Request because it is one-sided, biased argument, which is in part inconsistent with this Court's decision on the motions *in limine* heard on December 18, 2025. More specifically, it is incorrect with regard to the probable cause issue being the same for the false arrest and malicious prosecution claims. Townes v City of New York, 176 F.3d 138, 148 [2d Cir., 1999] holds that the exclusionary rule does not apply to §1983 claims and that a handgun would be admissible to determine probable cause with regard to a malicious prosecution claim. The rationale is that a criminal defendant gained the full effect of suppression in a criminal matter and that it thus does not apply to a subsequent civil action commenced by him or her. In Cyrus v City of New York, 450 Fed. Appx. 24, 26 [2d Cir., 2011] the Second Circuit reinforced the continued vitality of its decision in Townes. Cyrus is a Summary Order, but it appears clear that Townes is valid, controlling precedent.

It is respectfully submitted that Defendants' Proposed Instruction regarding false arrest, which is what Judge Geraci gave in the Silvon Simmons case, is the more appropriate, neutral Charge to give here.

4

REQUEST NO. 12: "MALICIOUS PROSECUTION UNDER STATE AND FEDERAL LAW"

OBJECTION: The Defendants object to this Request because it merges the state and federal malicious prosecution claims—Judge Geraci's separate charges in the Silvon Simmons case appear more appropriate and are less one-sided and biased than Plaintiff's Request. Further, paragraph 2, claiming that the only dispute is whether Officer Laureano had probable cause at the moment he initiated the stop is incorrect per Townes v City of New York (*supra* at 148) and Cyrus (*supra* at 27). The probable cause analysis is not the same for these claims and the false arrest claim. Also, the Defendants are not conceding the fourth element, malice. Lastly, the reference to the handgun as "contraband" is contrary to this Court's decision on the motions *in limine*.

REQUEST NO. 13: "CLAIMS 3 AND 7—DUE PROCESS VIOLATIONS UNDER THE STATE AND FEDERAL CONSTITUTIONS ARISING FROM LAUREANO'S FABRICATION OF EVIDENCE (DENIAL OF FAIR TRIAL)"

OBJECTION: The Defendants object to this Request because it is biased and reads more like a memorandum of law than a proper Jury Instruction. The Instruction that Judge Geraci gave in the Silvon Simmons case concerning the denial of the right to a fair trial, which the Defendants have proposed, is more balanced and neutral, and more appropriately sets forth the relevant considerations under the law. It is respectfully urged that this Court give that Charge.

REQEUST NO. 14: "*Respondeat Superior* LIABILITY ON NEW YORK STATE LAW CLAIMS"

**OBJECTION:** The Defendants object to this request because it is biased, argumentative, and the adaptation from N.Y. PJI2d 2:235 is unnecessary and inappropriate. It is respectfully submitted that the more accurate and appropriate N.Y. PJI2d provision is 2:237, given that all of the claims against Officer Laureano that survived summary judgment are intentional torts. It is thus respectfully requested that this Court give that Charge, potentially with further exposition.

**REQUEST NO. 15: "LIMITING INSTRUCTION REGARDING JUDGE SCHIANO'S SUPPRESSION RULING"**

**OBJECTION:** The Defendants object to this Request because it is contrary to this Court's decision on the motions *in limine* heard on December 18, 2025. This Court ruled that Judge Schiano's Decision & Order is inadmissible. Further, the reference to the hidden, stolen handgun as "contraband" is also contrary to the decision on the motion *in limine*.

**REQUEST NO. 16: "REFERENCES TO "CONTRABAND" FOUND AFTER THE STOP"**

**OBJECTION:** The Defendants object to this Request because it is contrary to this Court's decision on the motions *in limine* heard on December 18, 2025. It is also redundant of the false arrest Charge proposed by the Defendants, which was what Judge Geraci gave in the Silvon Simmons case.

**REQUEST NO. 17: "DAMAGES INTRODUCTION"**

**OBJECTION:** The Defendants object to this Request because this Court advised that it will give a Jury Instruction on damages—that they must be reasonable and not speculative. Additionally, this Court's decision on the motions *in limine* is that if

6

it appears warranted, a bifurcated trial on punitive damages will be held after the upcoming trial, making the reference to punitive damages in this Request improper at this juncture.

**REQUEST NO. 18: "COMPENSATORY DAMAGES"**

**OBJECTION:** The Defendants object to this Request, first, because this Court has indicated that it will give a Jury Instruction on damages, making this Request unnecessary. Further, the references to physical injury, pain and suffering, emotional and mental anguish, and shock and discomfort are inappropriate, given Plaintiff's withdrawal of the excessive force use and the state assault and battery claims. Further, there is no claim that any remaining damages are ongoing or permanent, so the related reference in this Request is inappropriate. It is respectfully submitted that the more appropriate Charge is what Judge Geraci gave in the Silvon Simmons case:

> "At this time, we're going to turn to an instruction on damages. Keep in mind that my charge to you on the law of damages must not be taken by you as a suggestion that you should find for plaintiff. It's for you to decide on the evidence presented and the rules of what I provide to you whether or not the plaintiff is entitled to recover from the defendants.
>
> If you decide that the plaintiff is not entitled to recover from a defendant or defendants, you need not consider damages. Only if you decide that the plaintiff is entitled to recover will you consider the measure of damages. If you find the plaintiff is entitled to recover from the defendants, you must render a verdict in a sum of money that will justly and fairly compensate the plaintiff for all of the losses resulting from any injury or injuries he sustained.
>
> Let me emphasis an important point. While it is appropriate for counsel in summation to suggest to you a dollar amount as the damages he claims his client suffered, keep in mind that the ultimate measure of

damages is for you to determine. It must be a sum of money which you find will justly and fairly compensate the plaintiff. The purpose of the law of damages is to award, as much as possible, fair and just compensation for the loss, if any, which resulted from a defendant's violation of a plaintiff's rights.

If you find that the defendants are liable on the plaintiff's claims that I just explained to you, then you must award the plaintiff sufficient damages to compensate him for any injury or injuries proximately caused by the defendant's conduct. An injury is proximately caused by conduct when a reasonable person would regard it as a substantial factor in bringing about that injury. These are known as compensatory damages.

Compensatory damages seek to make a plaintiff whole. Furthermore, compensatory damages are not limited merely to expenses the plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for losses he has suffered because of a defendant's conduct.

The law does not require that the plaintiff to prove to you an exact amount of damages in order to recover. Accordingly, if you find that the defendants are responsible for an unconstitutional act, you are simply to assess the amount of compensatory damages. I remind you that you may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendants' alleged wrongful conduct.

The damages you award must be fair and reasonable—neither inadequate nor excessive—you should not award compensatory damages for speculative injuries, but only for those injuries that the plaintiff has actually suffered. In awarding compensatory damages, you must decide such through dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in guess work.

On the other hand, the law does not require the plaintiff to prove the amount of his losses with mathematical

precision, but only with as much definitive and accuracy as the circumstances permit. In all instances, you are to use sound judgment in fixing an award of damages, drawing reasonable inferences as you deem it appropriate from the facts and circumstances in evidence.

Now, if you return a verdict for the plaintiff, but find that the plaintiff has failed to prove by a preponderance of the evidence that he suffered any compensatory damages, then you must return an award of damages in a nominal amount or token amount of $1. Nominal damages must be awarded when a plaintiff has been deprived by a defendant of a constitutional right, but has suffered no actual damages and actual consequence of that deprivation.

The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right even when no actual damages flowed from the deprivation. Therefore, if you find that the plaintiff has suffered no injury as a result of the defendant's conduct, other than the fact of a constitutional deprivation, you must award nominal damages not to exceed $1."

The Defendants propose that this Court give this Charge, perhaps with modifications, if it is not consistent with the Charge on damages it has advised it will give.

**REQUEST NO. 19: "PUNITIVE DAMAGES"**

**OBJECTION:** The Defendants object to this Request because this Court has advised that if punitive damages potentially appear to be warranted, it will hold a bifurcated trial on them. So, a Charge concerning such damages during the primary trial is premature and unnecessary.

DATED: January 7, 2026
       Rochester, New York       Respectfully submitted,

PATRICK BEATH, Corporation Counsel

BY: _____
CHRISTOPHER S. NOONE, Esq., of Counsel
Attorneys for Defendants
30 Church Street, Room 400A City Hall
Rochester, New York 14614
Telephone: (585) 428-6753
chris.noone@cityofrochester.gov

**TO:** Elliot Shields, Esq.
Roth & Roth LLP
192 Lexington Avenue, Suite 802
New York, NY 10016