UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEVIN JOHNSON,

                                  Plaintiff,      21-cv-6683 (EAW)(CDH)

          -against-

THE CITY OF ROCHESTER, et al.,

                               Defendants.

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

       The Plaintiff, Devin Johnson, objects to the following Jury Instructions proposed by Defendants:

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS (GENERAL INTRODUCTION)**

**INTRODUCTION: "CLAIMS TO BE TRIED"**

       **OBJECTION:** Defendants' introductory framing is incomplete and misleading because it omits Plaintiff's New York State constitutional due process/fabrication claim (Seventh Cause of Action) and the corresponding City liability instruction (respondeat superior) for the New York State claims, which are part of the surviving case and must be charged. Plaintiff has proposed appropriate instructions on these issues.

**CLAIM 1 — FALSE ARREST UNDER 42 U.S.C. § 1983**

**(A) "GENERAL § 1983 ELEMENTS" (Defendants' false arrest section)**

       **OBJECTION:** Defendants' proposed instruction begins with a generic § 1983 framework that is unnecessary and risks confusing the jury about the elements that actually matter for the false arrest claim (particularly the timing and scope of the Fourth Amendment seizure at issue). This Court can provide the standard § 1983 charge, if needed, without the argumentative gloss contained in Defendants' proposal.

**(B) "PLAINTIFF MUST PROVE … WITHOUT PROBABLE CAUSE" / BURDEN SHIFT**

       **OBJECTION:** Defendants' false arrest instruction improperly places the burden on Plaintiff to prove the absence of probable cause ("Plaintiff must prove … Defendant … stopped and arrested Plaintiff without probable cause").

1

This is improper and misleading where Defendants have affirmatively pled that the stop was supported by reasonable suspicion and/or probable cause as the Fifth Affirmative Defense, and have also pled probable cause as a defense to the arrest and prosecution as the Sixth Affirmative Defense. ECF 16 ¶¶ 16 and 17.

The defendants have the burden of proof on their affirmative defenses, including their affirmative defense that there was probable cause for the initial stop of the vehicle and for the arrest of Plaintiff. *Stinson v. City of New York*, No. 10 CIV. 4228 RWS, 2014 WL 4742231, at *8 (S.D.N.Y. Sept. 23, 2014)( "The Second Circuit has held in the past that it generally looks to the law of the state in which an arrest occurred in analyzing § 1983 claims, and has done so since the *Davis* decision and New York law places the burden of raising and proving the affirmative defense of probable cause on defendants in false arrest cases.").

Plaintiff has proposed a correct instruction in his Amended Proposed Jury Charges, clarifying that Defendants bear the burden of establishing probable cause as an affirmative defense and that probable cause must be assessed at the moment the emergency lights were activated, without retroactive justification.

### (C) CONFLATION OF "STOP" AND "ARREST" / RETROACTIVE PROBABLE CAUSE

**OBJECTION:** Defendants' instruction conflates the legality of the initial traffic stop with subsequent events and/or arrest, creating a substantial risk that jurors will wrongly conclude that later-developed evidence can justify the initial seizure. Defendants' framing ("performing a traffic stop and arresting Plaintiff without probable cause to believe that he committed a traffic offense") improperly merges two analytically distinct Fourth Amendment events and dilutes the central question the jury must decide: whether Defendants had a lawful basis at the moment of the stop.

Plaintiff has proposed the appropriate instruction on the timing of probable cause and the prohibition on retroactive probable cause.

### (D) "DISMISSAL NOT RELEVANT" / "NOT EVIDENCE"

**OBJECTION:** Defendants' instruction states that dismissal of the criminal charges is "not evidence" of lack of probable cause and is "not relevant." This is overbroad and risks improperly directing the jury to disregard admissible facts and/or limiting instructions that this Court may give. At minimum, any reference to dismissal must be framed neutrally and consistently with the Court's evidentiary rulings and any limiting instruction the Court provides. Plaintiff has proposed a proper limiting instruction addressing the permissible consideration of the traffic stop, subsequent discovery of evidence, and the suppression/dismissal sequence, without misleading the jury into believing it must ignore those facts categorically.

**CLAIMS 2 AND 3 — MALICIOUS PROSECUTION (NEW YORK LAW AND 42 U.S.C. § 1983)**

**(A) The only prosecution at issue is the weapons-indictment prosecution (Indictment No. 2020/0070); it is incorrect to include resisting arrest or any other charges in the malicious prosecution charge**

**Objection:** Defendants' proposed instruction improperly expands the malicious prosecution claim to include "resisting arrest" or any other non-weapons charges. That framing is inconsistent with both the First Amended Complaint and Judge Larimer's Summary Judgment Decision, which make clear that the *only prosecution at issue* is the weapons prosecution that proceeded by indictment—Indictment No. 2020/0070.

**(1) The First Amended Complaint pleads the malicious prosecution claim as the prosecution "ultimately alleged" by the weapons indictment (2020/0070).**

In the First Amended Complaint, the Second Cause of Action (Malicious Prosecution Under State Law), Plaintiff alleges that the criminal proceeding "ultimately" became the indictment, and identifies it specifically: "Indictment Number 2020/0070, filed on February 21, 2020." ECF 15 ¶ 47. The FAC further alleges that the Grand Jury "ultimately issued an Indictment" charging Plaintiff based on the fruits of the stop and search—again tethering the malicious prosecution claim to the indictment itself, not to the full set of arrest-stage charges. ECF 15 ¶ 48.

**(2) The Summary Judgment Decision confirms the only prosecution that proceeded was the weapons prosecution; other charges did not proceed beyond the initial appearance.**

The Court states Plaintiff "was eventually indicted … on charges of criminal possession of a weapon in the second and third degrees." ECF 38 p. 4. The Court then makes the key limiting finding: "Apparently plaintiff was not prosecuted on the other charges that had been brought against him." ECF 38 p. 4, fn. 1.

In the malicious prosecution discussion, the Court reiterates the same point: Plaintiff "was subsequently indicted on the weapons charges only," and "there is no indication that any of the other charges were prosecuted beyond plaintiff's initial appearance." ECF 38 p. 18.

**(3) Accordingly, Defendants' inclusion of "resisting arrest" (or any other non-weapons charge) in the malicious prosecution instruction is legally and factually improper on this record.**

While the Court notes that Laureano signed an accusatory instrument charging resisting arrest, the Court simultaneously holds that the indictment that actually proceeded was the weapons-only prosecution and that the other charges were not prosecuted beyond the initial appearance. ECF 38 p. 18. Because Plaintiff's malicious prosecution claim is pleaded and adjudicated as the weapons-indictment prosecution, Defendants' charge language expanding the

"prosecution" element to encompass resisting arrest or other charges would misstate the claim being tried and inject legally irrelevant issues into the jury's probable cause analysis.

**Requested Relief:** The Court should instruct the jury that the "criminal proceeding" at issue for Claims 2 and 3 is the weapons prosecution alleged by Indictment No. 2020/0070, and should reject any instruction that treats resisting arrest or other non-weapons charges as part of the malicious prosecution claim.

**(B) "PLAINTIFF MUST ESTABLISH … NO PROBABLE CAUSE" / BURDEN AND FRAMING**

**OBJECTION:** Plaintiff recognizes that, ordinarily, unlike false arrest, lack of probable cause is an element of a plaintiff's prima facie malicious prosecution claim under New York law. *See Broughton v. State*, 37 N.Y.2d 451, 456–59 (1975) (distinguishing false imprisonment from malicious prosecution; holding that want of probable cause is not an element of false imprisonment but *is* an element of malicious prosecution).

However, Defendants' proposed instruction is misleading as applied to this case because the only "probable cause" dispute actually presented to the jury is not probable cause for the prosecution in the abstract, but whether Officer Laureano had probable cause for the initial traffic stop at the moment he activated his emergency lights. Plaintiff's theory, Judge Larimer's summary judgment decision, and the parties' evidence make the legality of the stop the foundational issue.

(1) **Judge Larimer's decision frames the case around the legality of the stop, and suppression/dismissal flowed from that illegality.**

The decision notes the state court suppressed the firearm due to the lack of probable cause for the initial stop, and the indictment was dismissed after suppression. ECF 38 p. 20. That sequencing matters: the central probable cause question in this case is the *threshold* question—whether there was probable cause (or reasonable suspicion) to stop the car when the seizure began—not whether later events might support other charges or justify later conduct.

(2) **Defendants' proposed "Plaintiff must prove lack of probable cause" formulation—without clarifying timing and object—risks jury confusion and retroactive justification.**

Without a clear instruction that probable cause must be assessed at the moment the stop was initiated, jurors may (improperly) rely on post-stop developments—such as discovery of a firearm, flight, or resistance—to find "probable cause," thereby treating later events as retroactively validating the initial stop. That is inconsistent with the state court ruling described in the summary judgment decision (suppression for lack of probable cause for the initial stop).

(3) **Defendants' proposed federal malicious prosecution instruction compounds the problem by expressly directing the jury to evaluate probable cause for "the traffic infraction and the offense of resisting arrest."**

4

This framing is wrong for two independent reasons:

- First, it improperly includes "resisting arrest" as part of the malicious prosecution claim despite the First Amended Complaint and Summary Judgment decision confirming the only prosecution at issue is the weapons-indictment prosecution (2020/0070).
- Second, it invites jurors to find probable cause based on offenses and events that necessarily arise after the stop, thereby encouraging retroactive justification of the initial seizure—directly contrary to the timing principle that the stop's legality turns on what the officer knew when he initiated the stop, and consistent with the suppression ruling described in the SJ decision.

**Requested Relief:** The Court should reject Defendants' malicious prosecution probable cause language as drafted and instead charge the jury in a manner that:

(1) Defines the prosecution at issue as the weapons-indictment prosecution (Indictment No. 2020/0070), excluding resisting arrest and other non-weapons charges;
(2) Focuses the probable cause inquiry on the facts known at the moment the stop was initiated**;**
(3) Prohibits retroactive probable cause, i.e., makes clear that later-discovered evidence cannot retroactively supply probable cause for the stop; and
(4) Avoids burden-shifting and confusion by requiring clear, time-specific probable cause findings tied to the initiation of the stop, consistent with the suppression and dismissal sequence described in the Summary Judgment decision.

**CLAIM 4 — DENIAL OF FAIR TRIAL / FABRICATION OF EVIDENCE (42 U.S.C. § 1983)**

**(A) INCOMPLETE / MISLEADING SCOPE OF FABRICATION THEORY**

**OBJECTION:** Defendants' fair trial/fabrication instruction is incomplete and risks confusing the jury about Plaintiff's theory that Officer Laureano intentionally fabricated facts about having observed a traffic violation—an allegedly fabricated factual predicate that initiated the stop and set in motion the chain of events leading to criminal charges and prosecution. Plaintiff has proposed a tailored fabrication instruction that squarely addresses the fabrication of the alleged traffic violation and how the jury must evaluate intentional falsity and materiality.

**(B) OMITTING PLAINTIFF'S NEW YORK STATE CONSTITUTIONAL FABRICATION / DUE PROCESS CLAIM**

**OBJECTION:** Defendants omit any instruction on Plaintiff's New York State constitutional due process/fabrication claim (Seventh Cause of Action), and omit the corresponding City derivative liability instruction. Plaintiff has proposed appropriate instructions on these claims, and Defendants' proposed instructions should be rejected as incomplete.

**ADDITIONAL GLOBAL OBJECTION — AFFIRMATIVE DEFENSES / BURDEN OF PROOF**

**"PROBABLE CAUSE" PRESENTED AS PLAINTIFF'S BURDEN DESPITE AFFIRMATIVE DEFENSE PLEADING**

**OBJECTION:** Across their proposed charges, Defendants repeatedly frame "probable cause" as an element Plaintiff must disprove. Defendants have expressly pled probable cause as an affirmative defense to the stop, arrest, and prosecution. ECF 16 ¶¶ 16 and 17.

Accordingly, any final charge must clearly instruct the jury that Defendants bear the burden to prove any affirmative defense they pursue (including probable cause for the stop), and that probable cause must be evaluated at the moment the stop was initiated, without retroactive justification. Plaintiff has proposed the appropriate burden-of-proof instruction for probable cause.

Dated: New York, New York  Respectfully Submitted,
      January 7, 2026  ROTH & ROTH LLP

                                By:     ~//s//~
                                     Elliot Dolby Shields, Esq.
                                     *Counsel for Plaintiff*
                                     192 Lexington Ave, Suite 802
                                     New York, New York 10016
                                     Ph: (212) 425-1020

To:    All counsel of record (via ECF)