

**CITY of ROCHESTER**
Malik D. Evans, Mayor

**Department of Law**
City Hall Room 400A, 30 Church Street
Rochester, New York 14614-1295
www.cityofrochester.gov

January 28, 2026

<u>Via ECF</u>
Hon. Elizabeth A. Wolford
Unites States District Court Judge
100 State Street
Rochester, NY 14614

      Re:    Devin Johnson v City of Rochester, et ano
               Civil No.:  21-CV-6683 (EAW)

Dear Judge Wolford:

    I am in receipt of Mr. Shields' filed letter of January 26, 2026 outlining the redactions he believes are necessary to some of the Defendants' Exhibits. I agree with the proposed redactions to Exhibits 414, 417, 424 and 427. I believe that Exhibit 425—the Felony Complaint Officer Perelli prepared, could be redacted to eliminate only the words "four CPW 2nd" and the remainder of that sentence, which is the last sentence of the third paragraph, could remain.

    As I advised I would do at the conference on January 14, 2026, I reviewed all of the Defendants' Exhibits to determine whether any redactions should be made consistent with Your Honor's decision. I believe that the following redactions are in order:

- Exhibit 412—§50-h hearing transcript, pp. 7-8, ls. 18-25 and 2;
- Exhibit 414—elimination of all but the last five pages and on the first of those pages, redact the basis for Mr. Johnson being on parole;
- Exhibit 423—Officer Laureano's Declaration on the summary judgment motion—redaction of the portion of paragraph 2 after identification of the license plate on the vehicle Mr. Johnson was driving;
- Exhibit 426—Officer Perelli's Declaration on the summary judgment motion—redacting paragraphs 3 and 4 and the first part of the second sentence of paragraph 13, starting that sentence with the words "we spotted him, but eliminating "again," at the gas station at Clifford and Portland just after 9:30;
- Exhibit 430—Officer Wagner's IAR, redacting the first two paragraphs;
- Exhibit 431—Officer Wagner's Declaration supporting the summary judgment motion—redacting paragraph 3, the first sentence of paragraph 4 and elimination of the word "again" in the second sentence after the word, "Audi," and elimination of the first sentence of paragraph 13, as well as the first portion of the second sentence up to the words "at about 9:00," as well as the word "again" after the words "when we spotted him."

**Christopher S. Noone, Esq.** – Municipal Attorney
Chris.Noone@cityofrochester.gov

(P) 585-428-6753
(F) 585-428-6950

EEO/ADA Employer

    I have had Exhibit 408, Officer Glodowski's BWC, 2nd segment, redacted to eliminate the audio from 21:56:50 to 21:57:48, which is the "real time" signature on the lower right and coincides with the running time in Mr. Shields' letter—00:47-1:41. The MDT screen in the car is also frosted over during that time.

    I disagree with Mr. Shields' proposed redaction to Exhibit 410, which is the fourth segment of Officer Glodowski's BWC footage. The five seconds of audio Mr. Shields identifies is Mr. Johnson asking Officer Glodowski to "be real with him", as he knows that Officer Glodowski is aware that he has a criminal record and had been in jail before. This merely states the obvious—i.e., that if he was on parole, he had been in jail and was serving out the remainder of his sentence under release to parole supervision. It does not indicate why Mr. Johnson was on parole, so there is no need for redaction.

    I will replace the portions of the aforesaid Exhibits with redacted versions for inclusion in Defendants' Exhibit Book if Your Honor deems the redactions appropriate.

    Thank you for your courtesies and your continued, kind consideration of this matter.

Very truly yours,

Christopher S. Noone
Municipal Attorney

CSN/mb
cc: Elliot D. Shields, Esq. (via ECF)