UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEVIN JOHNSON,

                Plaintiff,                            **Case No.: 21-cv-6683(EAW)**

       v.

THE CITY OF ROCHESTER and ROCHESTER
POLICE OFFICER JONATHAN LAUREANO,

                Defendants.
_____

## **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTION REGARDING PLAINTIFF'S PAROLE STATUS**

The Defendants, the City of Rochester and Rochester Police Officer, Jonathan Laureano, submit the following objections to Plaintiff's proposed limiting instruction regarding Plaintiff's parole status (*see* ECF 109) ("Proposed Parole Instruction").

The second sentence of the <u>first paragraph</u> of the Proposed Parole Instruction reads as follows: "You may consider this fact [i.e. that Plaintiff was on parole and subject to certain conditions of release], but only for the limited purpose of assessing Mr. Johnson's damages." That language risks jury confusion because the jury may properly consider that evidence for purposes other than the limited one outlined by Plaintiff.

As the Court pointed out during its initial rulings during today's proceedings, Defendants bear the burden of proof as to their affirmative defenses to Plaintiff's claims. Moreover, in assessing probable cause for a malicious prosecution claim, courts must evaluate suits "charge by charge." *Chaiverini v City of Napoleon*, 602 U.S. 556, 562 (2024).

Here, Defendants will seek to prove that there was probable cause to commence proceedings and prosecute Plaintiff. In that context, Plaintiff's parole status is the type of fact or circumstance "as would lead a reasonably prudent person to believe the plaintiff is guilty," and that Plaintiff's prosecution on the underlying weapons charges would succeed. *Boyd v City of New York*, 336 F.3d 72, 76 (2d Cir. 2003). Plaintiff's parole status also goes to Officer Laureano's reasonable belief that Plaintiff was guilty and that his prosecution would succeed. Consequently, Plaintiff's proposed limiting instruction is too limited.

Defendants do not object to the Proposed Parole Instruction insofar as it instructs the jury that they may, if they are deliberating on the question of compensatory damages, consider the period of incarceration Plaintiff experienced secondary to the instant parole violation. But Defendants broadly object on the basis that it is not – as the Proposed Parole Instruction suggests – the sole proper purpose for the evidence of Plaintiff's parole status.

Defendants have no objection to the second paragraph of the Proposed Parole Instruction.

Defendants likewise do not object the Proposed Parole Instruction insofar as it points out that Plaintiff's parole status is immaterial to the question whether Officer Laureano had probable cause to initiate the traffic stop in question. The third paragraph of the Proposed Parole Instruction is therefore extraneous, but it also risks jury confusion. There is no question that the personal knowledge of other officers is extraneous to the question whether Officer Laureano had probable cause to effect the traffic stop. The inclusion of a paragraph to that effect serves no purpose and can only prompt inappropriate jury speculation.

Defendants have no objection to the fourth paragraph of the Proposed Parole Instruction. But the second sentence of the fifth paragraph, which reads "[t]he underlying offense is not relevant to any issue you must decide in this case," is problematic. From Defendants'

perspective, this section is susceptible of the initial objection outlined above – there is the valid purpose of Defendants' burden to prove probable cause for initiation of the charges, and the Plaintiff's parole status is relevant to that effort. But the reference to "underlying offense" steps beyond the reference to parole status and raises, albeit in vague terms, the question of what Plaintiff was on parole for. This is something which Plaintiff himself has made clear he objects to in the strongest terms. This Court has ruled clearly that evidence of any kind relating the crime of conviction for which Plaintiff was on parole is not coming in. As such, even the vague reference to "underlying offense" would appear to be ruled out. The inclusion of "underlying offense" in the admonition against speculation, however, strikes Defendants as entirely appropriate.

DATED:  February 2, 2026
　　　　 Rochester, New York          Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　 PATRICK BEATH, Corporation Counsel


　　　　　　　　　　　　　　　　　　 BY:    /s/_____
　　　　　　　　　　　　　　　　　　　　 JAMES "HAL" KIEBURTZ, Esq., of Counsel
　　　　　　　　　　　　　　　　　　　　 Attorneys for Defendants
　　　　　　　　　　　　　　　　　　　　 30 Church Street, Room 400A City Hall
　　　　　　　　　　　　　　　　　　　　 Rochester, New York 14614
　　　　　　　　　　　　　　　　　　　　 Telephone:  (585) 428-6758
　　　　　　　　　　　　　　　　　　　　 james.kieburtz@cityofrochester.gov

TO:   All Counsel via ECF